# Levin v. Memphis & Charleston Railroad Company.

### Action for Personal Injuries.

1. *Averments of complaint in personal injury suit; when amount to charge of wantonness and willfulness.*—Where the complaint in an action to recover damages for personal injuries avers that the defendant, knowing of plaintiff's peril, recklessly pursued a course of conduct calculated to inflict personal injuries upon him, and which did result in the infliction of the injuries for which he sues, it charges more than negligence, and shows that the defendant was guilty of wantonness and willfulness.

2. *Injury to traveller on wagon-way of railroad bridge, in consequence of horse becoming frightened by passage of train overhead.*—The plaintiff, while travelling in a buggy along the wagon way of a bridge owned and controlled by the defendant railroad company, was injured in consequence of his horse becoming frightened by the passage overhead of a train of the defendant, and running against the side of the bridge, thus causing the plaintiff to be thrown from the buggy. *Held,* that the plaintiff was not entitled to recover of the defendant damages for the injuries so received, in the absence of any showing that defendant knew that plaintiff was on and crossing along the wagon way of the bridge with a horse and buggy when it ran its train on the overhead railway across the bridge, or that the defendant was under any duty to the plaintiff not to thus cross the bridge at the time and under the circumstances existing on the occasion of the plaintiff's injury.

3. *Negligence, and willful misconduct; variance.*—Under a complaint claiming damages resulting from the defendant's wantonness or willfulness, the plaintiff is not entitled to recover when the evidence shows no more than mere negligence on the part of defendant.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JOHN B. TALLY.

This was an action by Louis Levin, the appellant, against The Memphis & Charleston Railroad Company, a private corporation, the appellee, to recover damages

for personal injuries, alleged to have been suffered by the plaintiff. The first count of the complaint alleged:

That the defendant, a railroad corporation, owned, managed, and controlled a bridge across the Tennessee river at Florence, which bridge was used in operating said railroad for the passage of trains; and the lower part of the bridge underneath the railroad track was used as a public toll bridge for the passage of vehicles and foot passengers, and was controlled and operated by the defendant. That while the plaintiff was crossing said bridge in a single buggy, driving a horse, having paid toll therefor, and while near the center of said bridge, "defendant unlawfully and negligently and wrongfully permitted a train of cars to pass over said bridge, * * * and the noise produced by the passing of said train caused plaintiff's horse to become frightened and unmanageable. The horse, running against the side of the bridge, threw plaintiff violently from said buggy," whereby the plaintiff was seriously injured. "Plaintiff avers that the defendant had, by printed rules, declared to the public that no trains would be permitted to pass over said bridge while any vehicle containing a person was passing or crossing said bridge below, and would provide watchmen at each end of said bridge to warn and signal approaching trains; but plaintiff avers said defendant failed and neglected to warn or signal said train or provide watchmen on said bridge, as it was in duty bound to do, but permitted said train to pass over said bridge by the gross negligence, carelessness, and intention of its officers or employés, while plaintiff was crossing the same; wherefore plaintiff was damaged as aforesaid, and wherefore he sues." To this count of the complaint the defendant demurred upon the following, among other grounds: "(3) It does not appear from said complaint that it was the duty of the defendant to prevent the running of engines or cars over said bridge while the plaintiff was crossing the same." The court sustained this ground of demurrer. The other facts are sufficiently stated in the opinion. From a judgment for the defendant the plaintiff appeals, and assigns as error the rulings of the court upon the pleadings, and the giving of the general affirmative charges for the defendant, as requested in writing by it.

EMMET O'NEAL and THOS. R. ROULHAC, for appellant.

HUMES, SHEFFEY & SPEAKE, *contra.*

McCLELLAN, J.—The complaint as amended con-. tained three counts. The first count attempts to charge the defendant with negligence only. The second and third charged in effect that the defendant, knowing of plaintiff's peril, recklessly pursued a course of conduct calculated to inflict personal injuries upon him, and which did result in the infliction of the injuries for which he sues. This was to charge more than negligence : it was an averment that defendant was guilty of wantonness and willfulness.—*Georgia Pacific Railway Co. v. Lee*, 92 Ala. 262 ; *Georgia Pacific Railway Co. v. Ross*, 100 Ala. 490.

The first count of the complaint did not show that defendant knew that plaintiff was on and crossing along the wagon way of the bridge with a horse and buggy when it ran its train on the overhead railway across the bridge, and it did not aver facts showing that defendant was under any duty to the plaintiff not to thus cross the bridge with its train at the time and under the circum-. stances existing on the occasion of plaintiff's injury. The third assignment of demurrer laid against this count was therefore properly sustained.—*Stanton v. Louisville & Nashville R. R. Co.*, 91 Ala. 382 ; *Favor v. Boston & Lowell R. R. Co.*, 114 Mass. 350.

The first count was not amended after demurrer sustained, and hence was not in the case at the trial. The counts which remained, and upon which the trial was had, claimed damages resulting from defendant's wantonness or willfulness. There was no evidence of wantonness or willfulness. Conceding for the argument that the evidence tended to show negligence on the part of the defendant, this did not authorize a recovery on the case made by the complaint ; and the court properly gave the affirmative charge for the defendant.—*Highland Avenue & Belt Railroad Co. v. Winn*, 93 Ala. 306 ; *Birmingham Mineral Railroad Co. v. Jacobs*, 92 Ala. 187 ; *Louisville & Nashville Railroad Co. v. Markee*, 103 Ala. 160. This instruction was properly given on the issue presented by the plea of "not guilty." If the court erred in

any of its rulings on demurrers to special pleas, the plaintiff was not injured thereby.

No considerations occur to us why the judgment should not be affirmed, and counsel for appellant has made no suggestions by brief or otherwise.

Affirmed.