# Alabama Great Southern Railroad Co. v. Fulton.

*Action Against Railroad Company to Recover Damages for Personal Injury.*

[DECIDED FEB. 9, 1905.]

1. *Negligence of Railroad Company in Operating Train Near Crossing; When Traveler Along Road-Way May Recover Damages.*—When one is traveling along a road, driving an animal attached to the vehicle in which he is riding, and the road, though not a public road, crosses a railroad track, the employes of the railroad company in charge of a train running along the railroad near such crossing are under no duty to keep a look-out for said traveler; but their duties in respect to him arise only after they become aware of his presence and peril; and if, after becoming aware that the animal the traveler is driving has become frightened by the engine, or the noises made by it, the trainmen fail to use every means at hand to which a man of ordinary care and prudence would have recourse in order to allay the fright of the animal, and injury results from such failure to said traveler, the railroad company would be liable, in damages, for any personal injury sustained by him.

2. *Same; Same.*—In such a case, the railroad company would be liable if the trainmen, knowing of the proximity of the traveler with a vehicle, and animal attached thereto, to the track,

[Alabama Great Southern Railroad Co. v. Fulton.]

unnecessarily caused the engine to make unusual noises calculated to frighten said animal, thereby causing the traveler to be injured; and this is true, though the animal gave no indication of fright.

3   *Action Against a Railroad Company for Negligence; Sufficiency of Complaint.*—In an action against a railroad company to recover damages for personal injuriy alleged to have been caused by the negligence of the defendant's trainmen, a count of the complaint which seeks alternately a recovery for the failure of defendant's trainmen to know of plaintiff's presence and his peril, is bad, and subject to demurrer.

4.   *Action Against a Railroad Company for Negligence; When Question for the Jury.*—When an action against a railroad company, brought by one injured while traveling along a highway crossed by the railroad track of defendant, to recover damages for personal injury sustained by reason of the mule which the plaintiff was driving becoming frightened at an engine and train of cars operated along said track, where there is evidence tending to show that the trainmen were negligent after discovering the fright of the mule, and from which the jury might have found that the injury resulted from such negligence; and there was also evidence tending to show that the trainmen, after becoming aware of the presence of the mule, and before there was any indication of fright in the mule, caused the engine to emit unusual and unnecessary noises calculated to frighten a mule of ordinary gentleness, and which frightened the plaintiff's mule and caused the injury complained of; it is proper for the court to refuse to give the general affirmative charge requested by the defendant, since the question of defendant's negligence is one to be determined by the jury.

5.   *Action for Ngligence; Question of Contributory negligence,* In an action against a railroad company to recover damages for personal injury, where the defendant sets up the defense of contributory negligence, the jury, in passing upon the question of contributory negligence, should measure the plaintiff's conduct by comparison with what the jury would find the conduct of men of ordinary prudence to have been under similar circumstances.

APPEAL from Bessemer City Court.

Heard before the Hon. B. CLAY JONES.

This action was brought by the appellee, James A. Fulton, against the Alabama Great Southern Railroad Company, to recover damages for personal injuries al-

leged to have been suffered by the plaintiff by reason of the negligence of defendant's employes. As amended, the complaint contained ten counts. The court gave the general affirmative charge as to all of these counts, with the exception of the 4th and 10th. The 4th count, as last amended, was in words and figures as follows:

"The plaintiff claims of the defendant the further sum of ten thousand dollars, as damages, for that heretofore, on to-wit: 17th day of October, 1901, defendant was running or operating a certain locomotive engine and a train of cars upon and along a line of railway at or near Bessemer, in Jefferson County, Alabama; that said railway was intersected at a point near the said Bessemer by a public highway or a thoroughfare much used by pedestrians and vehicles at and about said point of intersection; that on said date plaintiff was traveling along and upon said highway or thoroughfare in a vehicle drawn by a mule, and was near said point of intersection, expecting to cross said railway at said point, but before making the attempt plaintiff stopped said vehicle to ascertain whether there was danger of colliding with any locomotives that might be passing along and upon said railway, and discovered not far distant from said point of intersection, and about to be propelled in that direction, defendant's said locomotive and train of cars; that the engineer or some one in charge of said locomotive caused the same to be propelled along and upon said railway in the direction of said crossing, and at short intervals caused escapes or emissions of large quantities of steam or other substance from said locomotive, and caused the driving wheels thereon to be violently whirled or revolved around or upon the rails of said ralway, all of which produced or caused to be made great noises, at which said mule became much frightened and agitated; and plaintiff further avers that the engineer or other person in charge of said engine, at or about the time of or just before reaching the point where plaintiff was, with great recklessness and negligence unnecessarily caused the steam to escape from the said engine, or the whistle thereof to be sounded, which was calculated to frighten a mule of ordinary gentleness, the sight and noise of which frightened said mule, and

caused him to run away with the said vehicle, and the plaintiff was thereby thrown therefrom, or in an effort to escape from the same was violently thrown to the ground, and severely injured; that his flesh was torn, bruised and mangled, and he was otherwise injured. In consequence thereof, plaintiff was made sore and sick and suffered great mental anguish and physical pain, and was for a long time rendered wholly unable to work and was permanently injured, and was put to great expense and trouble in and about procuring medicine, medical attention, care and nursing, in an effort to cure and heal his said wounds and injuries."

The 10th count, as last amended, after containing substantially the same prefatory averments as did the 4th count, above set out, then contains the following averments: "That at or just about the time said vehicle was stopped, plaintiff discovered defendant's said engine which was not far from said crossing or intersection, and which was at the time being about to be propelled along said railway toward said point of intersection; that about the time said engine was opposite or just before the same reached the point opposite where plaintiff was, the said mule became frightened at the said engine or the noises made thereby or emanating therefrom, or the sight thereof, which was known to the defendant or by the exercise of ordinary care could have known, yet after such knowledge or notice, the defendant's engineer or other employe in charge of the said engine, negligently caused or allowed large quantities of steam or other substance to be unnecessarily emitted therefrom, or the whistle thereof to be sounded, or negligently caused or allowed the driving wheels of said engine to be violently revolved, thus causing or producing unnecessary or unusual noises, which was calculated to frighten a mule of ordinary gentleness, and as a proximate consequence thereof said mule did run away and the plaintiff was thrown violently to the ground and run upon by a wheel of said vehicle, and dragged a long distance, and his flesh was bruised, mangled and torn, and he was otherwise injured; and as a result he was made sore and sick and suffered great mental and physical pain and was for a

long time rendered wholly unable to work and earn money, and was permanently injured and was put to great expense and trouble in and about procuring medicine, medical attention, care and nursing, in and trying to heal and cure his said wounds and injuries, all to his damage in the sum of Ten Thousand Dollars, wherefore he sues."

To the 4th count of the complaint, as amended, the defendant demurred upon the following grounds: (1.) For that said count shows that the negligence complained of did not contribute to the injury and damage alleged. (2.) For that said count does not aver or show that any wrong or negligence of the defendant was the proximate cause of the accident and injury complained of. (3.) For that said count fails to allege or show that the acts complained of were calculated to frighten a mule of ordinary gentleness. (4.) For that said count shows that plaintiff was a licensee, and yet claims damages for simple negligence. (5.) For that said count shows that plaintiff was a bare licensee, and yet claims damages for simple negligence. (6.) For that said count shows on its face that the only duty defendant owed plaintiff was not to wantonly or intentionally injure him, and yet it claims damages for simple negligence. (7.) For that said count states no cause of action against this defendant in that it does not show wherein defendant violated any duty it owed the plaintiff. (8.) For that said count states no cause of action in this that it does not allege or show that the emissions of steam or the blowing of the whistle were wantonly done, or done with intent to frighten plaintiff's mule. (9.) For that said count is indefinite and uncertain in that it does not show this defendant whether it is called on to defend an action for causing steam to be emitted, or whether it is the blowing of a whistle that is relied on by plaintiff. (10.) For that negligence is alleged in the disjunctive. (11.) For that said count shows that there was no negligence or breach of duty on the part of the defendant and yet denominates the same as negligence. (12.) For that in said count negligence is averred merely as a conclusion of the pleader.

The demurrers to the 10th count were as follows: (1.) Defendant assigns separately and severally as grounds of demurrer to the 10th count of the complaint all those grounds of demurrer hereinabove assigned to the fourth count of the complaint, as amended, and the following grounds. (2.) For that said count does not allege that the movement of the engine, the emission of steam or other substance, the blowing of the whistle or the revolving of the driving wheels were wantonly done, or done with the intention of frightening plaintiff's mule. (3.) For that said count does not inform this defendant whether it is brought here to defend an action for the emission of steam or other substance, or for revolving driving wheels, or for blowing the whistle.

The demurrers to the 4th and 10th counts were each overruled, and, thereupon, defendant filed a plea of the general issue, and special pleas setting up the contributory negligence of the plaintiff: "The undisputed facts in the case were as follows: That on the 17th day of October, (1901, plaintiff and Otton Pasquale were coming back towards Bessemer from a farm in the country, along a private road, Pasquale driving with a mule hitched to a wagon; the mule was gentle. When near the track on which a train of defendant was, the wagon was stopped because it was seen that an engine of defendant was coming towards the crossing; this engine was pushing some cars, and was going in an easterly direction. The cars and engine passed the crossing, until the engine was some feet beyond it. The engine was then reversed and started back, pulling the cars in a westerly direction. The ground was slightly up grade going west. While engine was going east, there was no unusual noise of any kind, and the mule stood perfectly quiet until the engine had passed her. When the engine was reversed and came back in a westerly direction, the mule took fright at the noise caused by the engine, and Pasquale jumped out to hold the mule; the mule started to turn around and cocked the wagon up on one side to some extent, and Fulton, being somewhat alarmed, attempted to get out of the wagon and was severely injured in doing so."

The other facts are sufficiently stated in the opinion.

At the request of the plaintiff, the court gave to the jury the following written charges: (A.) "I charge you gentlemen, that, if you believe from the evidence, that plaintiff in attempting to get out of the wagon did what others similarly situated would have done, then that would not be contributory negligence on his part." (B.) "If you believe from the evidence that plaintiff was placed in a perilous position by the negligence of defendant, or if he acted under the influence of fear or excitement produced by the negligence of defendant, then such act would not be contributory negligence, and would not bar high right to recover."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusing to give each of the following written charges, requested by it: (1.) "If you believe the evidence, you must find for the defendant." (2.) "If you believe the evidence, you must find for the defendant on the 4th count of the complaint, as amended." (7.) "If you believe the evidence, you must find for the defendant on the 10th count of the complaint, as amended." (12.) "The court charges you, that, before plaintiff can recover in this case, he must show to your reasonable satisfaction from all the evidence in the case that the engineer or other person in charge of the engine caused steam to escape from it in a manner which was unnecessary to the operation of the engine at the time and place of the accident." (22.) "The undisputed evidence in this case is that the road on which plaintiff was was a private road, and not a public highway; and I charge you that there was no duty on defendant's engineer to keep a lookout for parties or teams standing near the railroad track at that place." (28.) "I charge you that under the evidence in this case, it would not be negligence on the part of defendant's engineer for which plaintiff can recover, for the defendant's engineer to operate his engine making unusual noises or causing the wheels to be revolved unnecessarily, or steam to escape unnecessarily, one or both, unless at the time he knew of plaintiff's position near the track." (29.) "I charge

[Alabama Great Southern Railroad Co. v. Fulton.]

you that under the evidence in this case it was not the duty of the engineer to be on the lookout for any one standing near the track at the place where plaintiff was in the wagon, and that if you believe from all the evidence in the case that defendant's engineer did all he could to stop the engine of defendant as soon as he discovered plaintiff's peril, then you will find for the defendant." (32.) "Carelessness or misconduct by the engineer on defendant's track, or unnecessary actions on his part, or even all those acts and omissions combined, do not constitute what is designated as simple negligence as to any one remote from the track or crossing and so situated that in the performance of his ordinary duties on defendant's track, the engineer ordinarily would not notice such persons." (33.) "If you believe from the evidence that defendant's engineer caused unusual and unnecessary noises to be made by the engine, and that from this action on part of the defendant's engineer the mule took fright and plaintiff was injured, you must find for the defendant, unless you further believe from the evidence that defendant's engineer knew that plaintiff was near the track at the time those noises were made." (35.) "If you believe from the evidence that the engineer of defendant did all in his power known to skilful engineers to stop the engine as soon as he realized plaintiff's peril, you must find for the defendant."

There were verdict and judgment in favor of the plaintiff, assessing the damages at fifteen hundred dollars.

The defendant appealed, and assigned as error the rulings of the court upon the pleadings and the several rulings upon the trial to which exceptions were reserved.

A. G. & E. D. SMITH, for appellant.—Appellee was a licensee and the complaint should have averred knowledge of his perilous position on the part of appellant. *Stringer v. Ala. Min. Co. et al.*, 99 Ala. 397; *A. G. S. R. R. Co. v. Linn*, 103 Ala. 134; *L. & N. R. R. Co. v. Sides*, 29 So. Rep. 798; *Haley v. K. C. M. & B. R. R. Co.*, 113 Ala. 640; *Prather v. W. W. T. Co.*, 14 Am. & Eng. R. R. Cases 1. (15.); *Hodges v. K. C. M. & B. R. R. Co.*, 43 Am. & Eng. R. R. Co.'s 599; *Pratt Coal & Iron Co. v.*

*Davis,* 79 Ala. 308; *C. & W. Ry. Co. v. Wood,* 86 Ala. 164; *McCauley v. T. C. I. & R. R. Co.,* 93 Ala. 356; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 382; *Louie v. M. & C. R. R. Co.,* 109 Ala. 332.

The appellant's engineer, Sims, should have been allowed to answer the question, "Does an engineer see a good many mules get skittish by the side of the track?" *So. Ry. Co. v. Bush,* 122 Ala. 470.

The general charge should have been given as to the whole action and on each count. (a) Because there was no cause of action stated in the complaint. Authorities cited under proposition I, and *Central of Ga. Ry. Co. v. Lamb,* 26 So. Rep. 969. (b) Because there was a variance as to the whole complaint and to each count thereof.—4th Mayfield's Digest, 456; *Hood v. Pioneer M. & M. Co.,* 95 Ala. 461; *H. A. & B. Ry. Co. v. Maddox,* 100 Ala. 618; *Stewart v. Tucker,* 106 Ala. 319; *Montgomery & Eufaula Ry. Co. v. Culver,* 75 Ala. 587; *Warner, Smiley & Co. v. Cooper,* 31 So. Rep. 28, and under these authorities if the tenth count as last amended be considered as averring that the accident happened at a public crossing there is an additional variance as to that count. (c) There is no evidence of any unusual or negligent operation of the engine.—*Levin case, supra; Stedham case, supra; Stanton case, supra.*

WARD & DRENNEN, for appellee.—The 4th and 10th count of the complaint each state a good cause of action, and the demurrers thereto were properly overruled. *Haley v. K. C. M. & B. R. R. Co.,* 113 Ala. 640; *Stringer v. Ala. Mining Co. et al.,* 99 Ala. 397; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 134; *L. & N. R. R. Co. v. Sides,* 29 Ala. So. Rep. 798.

The facts in the case authorized the plaintiff's recovery.—*Oxford Lake Line Co. v. Stedham,* 101 Ala. 376; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 382.

McCLELLAN, C. J.—The plaintiff, of course, had a right to be where he was and as he was when he was injured in consequence of his mule becoming frightened by defendant's train. But the road along which he had been traveling and upon which it was his purpose to

cross the railway as soon as defendant's train, or engine got out of the way, was not a public road. Therefore, defendant's trainmen were under no duty to keep a lookout for him, but their duties in respect of him arose only after they became aware of his presence and peril. If, after becoming aware that his mule was becoming frightened by the engine, or the noises being made by the operation of the engine, they failed to use every means at hand which a man of ordinary care and prudence would have had recourse to to allay the fright of the animal, such as abating the noises, stopping the engine, that being practicable, etc., and injury resulted from such failure to the plaintiff, the defendant would be liable in damages in this action.—*Glass v. Memphis & Charleston R. R. Co.,* 94 Ala. 581; *Ala. Great Southern R. R. Co. v. Linn,* 103 Ala. 139; 23 Am. & Eng. Ency. Law, pp. 744-5.

The defendant would also be liable if the trainmen, knowing of the proximity of the plaintiff with his vehicle and mule to the track, unnecessarily caused the engine to make unusual noises calculated to frighten a mule of ordinary gentleness, and such noises did frighten this mule and thereby caused plaintiff to be injured, and this, of course, though the animal gave no indication of fright prior to the noises.

Under the foregoing principles, the 4th count—the case being tried on that and the 10th count—sufficiently states a cause of action; but the 10th is bad for that it seeks alternatively a recovery for the failure of defendant's trainmen to know of plaintiff's presence and peril. This count is not supported by the evidence in respect of its averments as to the character of the road which plaintiff was traveling, if these averments are to be construed as describing a public road in the recognized meaning of those words; the sort of road as to which the statute imposes the duty of keeping a lookout upon trainmen.

There was evidence tending to show that the trainmen were negligent after discovering the fright of the mule, and from which the jury might have found that the injury resulted from such negligence but there was also

[Alabama Great Southern Railroad Co. v. Fulton.]

evidence to the contrary; and that issue was for the jury.

There was also evidence tending to show that the trainmen after becoming aware of the prescnee of the mule with plaintiff in the vehicle to which it was hitched, and before there were any indications of fright in the mule, caused the engine to omit unusual and unnecessary noises calculated to frighten a mule of ordinary gentleness, and which did frighten this mule and cause the injury complained of. Upon this it was open to the jury to find for plaintiff, though there was no pretermission of duty on the part of the trainmen after the mule became frightened, but there was evidence to the contrary and this too was an issue for the jury. It follows that the court properly refused to give the affirmative charge requested by the defendant.

But the court's rulings on several of the other charges requested by defendant and refused were at variance with the law as we have declared it, in that such rulings proceeded on the theory that the trainmen owed the plaintiff the duty of operating the engine with reference to his presence there though they were unaware of such presence or his peril.

Charge A given plaintiff should have measured his conduct in getting out of the vehicle by comparison with what the jury should find men *of ordinary prudence* would have done under the circumstances.

Charge B given for the plaintiff is also subject to criticism. Here too the standard is what a reasonably careful and prudent man considering the particular exigencies of his situation would have done.—*Holland v. Tenn. Coal, Iron & R. R. Co.*, 91 Ala. 444; *Richmond & Danville R. R. Co. v. Farmer*, 97 Ala. 141; *Central of Georgia Ry. Co. v. Foshee*, 125 Ala. 199, 215-16.

We find no error in the rulings of the court on the admissibility of testimony.

Reversed and remanded.

Tyson, Simpson and Anderson, JJ., concurring.