# Louisville & Nashville R. R. Co. v. Kelly.

### Damages for Personal Injuries.

(Decided December 7, 1916.    Rehearing denied January 18, 1917. 73 South. 953.)

1. **Negligence; Pleading; Sufficiency.**—As a general rule averments of negligence which collude with the averment that the injury resulted from the negligence alleged, are sufficient, but if the acts or omissions constituting negligence are alleged they must show a breach of duty owing by the defendant to the plaintiff.

2. **Same; Breach of Duty.**—All negligence is not actionable; to be actionable it must involve a breach of duty owed by the person sued to the person suing.

3. **Railroads; Injuries; Frightening Animals; Complaint.**—In an action to recover for injuries counts of the complaint alleging that while plaintiff was driving along a public street under a railroad track, a servant of the railroad company in charge of an engine, acting in the scope of his employment, neligently caused the engine to emit with a loud noise a large and unnecessary volume of steam which enveloped plaintiff's horse, frightening him so that he ran away, overturning the buggy and throwing plaintiff to the ground with great force, and that the road on which plaintiff was traveling was a populous thoroughfare used by a large number of persons which was known to the servant, who knew that it was probable that some one was passing at the time, are sufficient.

4. **Railroads; Operation; Actionable Negligence.**—The mere fact that plaintiff, who was driving a horse, was passing under a railway and that the engineer could have seen her approaching and that he permitted steam to escape from the engine while she was under it, did not show actionable negligence, under the facts in this case.

5. **Same.**—To warrant recovery for injuries to plaintiff under the facts in this case, either wantonness or negligence after discovery of peril, or reckless negligence before discovery of peril, must be shown.


APPEAL from Morgan Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Action by Cora Kelley against the Louisville & Nashville Railroad Company for damages she received in a runaway alleged to have been caused by the negligent emission of steam and

noises from one of defendant's locomotives. Judgment for plaintiff and defendant appeals. Reversed and remanded.

EYSTER & EYSTER, for appellants. CALLAHAN & HARRIS, for appellee.

MAYFIELD, J.—The action is to recover damages as for personal injuries suffered by plaintiff, in consequence of being thrown from a buggy in which she was riding. The action is founded on negligence of the defendant's agents, in frightening the horse which plaintiff was driving, thereby causing him to run away, throwing plaintiff out of the buggy, and inflicting the injuries complained of. The allegation of negligence in the third count is that: "While plaintiff was so, as aforesaid, driving along said street or thoroughfare, and while she was driving under said railroad track, some agent or servant of the defendant in charge of one of the defendant's engines, and who was acting within the scope of his employment, negligently caused said engine to emit, with a loud noise, a large and unnecessary volume of steam, which came down near to or enveloped plaintiff's said horse, causing him to take fright, run away, overturn the buggy, and throw plaintiff onto the ground with great force."

The allegation of negligence in the fourth count was practically that of the third, but added the following, to charge knowledge or notice of the danger or peril of the situation: "That that the said road or thoroughfare which passed under said railroad was a populous thoroughfare, which led from the business portion of Decatur, Ala., to that part of the town known as West Decatur, and connected with a county pike leading ten miles or more from Decatur, and at that time was daily used by a large number of persons driving vehicles drawn by horse, all of which was well known to the agents or servants of the defendant in charge of said engine; and that the said agent or servant of the defendant, at the time of causing the said engine to emit said steam, as aforesaid, knew that it was likely or probable that some one was at that time driving a horse through said underpass."

There were other counts which alleged knowledge or notice of the particular peril of plaintiff at the time of the injury, and not mere knowledge or notice of the situation, as that of the fourth; but these counts were stricken, or were abandoned by plaintiff, and the trial was had on the third and fourth counts.

A demurrer embracing numerous grounds was interposed to these two counts, and was overruled; and this ruling is now insisted upon as error to reverse.

There have been many similar cases before this court, consequently much has been said by the court upon the law applicable to such cases, both as to the sufficiency of complaints and as to the sufficiency of the evidence to support verdicts and judgments for the plaintiff. The leading case in this state on the subject probably is that of *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382, 8 South. 798. In that case it was held that the general rules of pleading in negligence cases applied to these cases; that the pleadings should be as brief as perspicuity will allow, but must present facts or matters to be put in issue in an intelligible form; that if this were done, no objection could be taken or would be allowed which goes merely to the form, not to the substance; that the pleadings in such cases are sufficient if facts are so presented that a material issue in law or in fact can be taken by the adverse party.

(1, 2) As a general rule, averments of negligence which collude with the averment that the injury complained of was the result of the negligence so alleged are held to be sufficient. If, however, the acts or omissions which constitute the negligence are alleged, they must show the breach of a duty owing by the defendant to the plaintiff; otherwise no actionable negligence is alleged. All negligence is not actionable; to be such it must involve the breach of a duty owing by the defendant to the plaintiff.

Several complaints, as for the frightening of animals by railroads, which contained the usual averments as to general or special negligence, followed by the averment that the injury complained of was the result of the negligence alleged, have been held bad on appropriate demurrer, because no sufficient causal connection was shown between the negligence alleged and the injury received; that is, because the injury was not shown to be the proximate or direct result of the negligence alleged. Some of these were cases in which the negligence alleged was the blocking of a crossing, in violation of a statute or an ordinance, and the holding was that the wrongful act was not the proximate cause of the frightening of the animal.—*Stanton's Case*, 91 Ala. 382, 8 South. 798; *Levin's Case*, 109 Ala. 332, 19 South. 395; *Wilson's Case*, 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987. How-

ever, very general averments of negligence, shown to be the proximate cause of frightening the animal, have been held sufficient. —*Stedham's Case,* 101 Ala. 376, 13 South. 553; *Cowden's Case,* 175 Ala. 108, 56 South. 984.

(3) It therefore follows that neither of the counts 3 and 4 was subject to the demurrer interposed, and that the trial court properly overruled the demurrer, if we adhere to the ruling in those cases. And we do not deem it proper to now depart therefrom.

It will be observed, however, that the rule announced and followed, as to the proof of negligence to support a verdict for the plaintiff, is more strict than would seem to follow from the rule as to the sufficiency of averments of negligence or of wrong to authorize a recovery for plaintiff. In the *Cowden Case, supra,* the rule as to the sufficiency of proof to support a verdict for plaintiff is stated, and the cases cited, with quotations from the former case. It is there said: "In *Central of Georgia Railway Co. v. Fuller,* 164 Ala. 196, 200, 51 South. 309, 310, following what we took to be the rule established by decisions here, it was said: 'That railroad companies have the right to operate their trains; that such companies have the right to make all the usual noises incident to the operation of their trains; and that negligence, alleged to have resulted in frightening an animal, cannot be predicated upon the operation of a train, unless in so doing unnecessary noises were made, and these noises, or the movement of the train, were recklessly or wantonly made or done after discovery of peril, or were made or done with the intention of frightening the animal in question.—*A. G. S. R. R. Co. v. Fulton,* 144 Ala. 332, 39 South. 282.' It follows as of course that the mere want of necessity for making or allowing the noise, without more, is not negligence to liability for injury or damage resulting therefrom.—*Stanton v. L. & N. R. R. Co.,* 91 Ala. 382, 8 South. 798; *Oxford Lake Line Co. v. Stedham,* 101 Ala. 376, 13 South. 553; *Levin v. M. & C. R. R. Co.,* 109 Ala. 332, 19 South. 395; *L. & N. R. R. Co. v. Lee,* 136 Ala. 182, 33 South. 897, 96 Am. St. Rep. 24; *Southern Railway Co. v. Crawford,* 164 Ala. 178, 51 South. 340."

The facts in this case are very similar to the facts in *Stanton's Case,* the court in that case saying in conclusion:

"Applying the principles of law applicable, as above declared, to the evidence in the case, we do not think there is sufficient

proof to authorize a verdict for plaintiff. No evidence was introduced which tended to show any wanton or reckless 'blowing off steam,' or unnecessary movement of the train. In what way the 'unusual noise' mentioned in the bill of exceptions was produced, or whether it was a noise unusual to the mare only, or of a character not incident to the running of the train, is not shown. Noise may be unusual to persons or things not accustomed to it, and usual as signals and incident to the running and movements of a train."

While it was shown that there was no use in, or necessity for letting off steam on the occasion in question, at the time indicated in plaintiff's testimony, there was nothing to show that it was done recklessly, in such sense as to make it actionable; and there is no claim that it was wanton, or with knowledge of plaintiff's peril.

It was expressly ruled in *Cowden's Case, supra,* that mere want of necessity for making or allowing the noise, without more, is not negligence sufficient to fix liability for injury or damage resulting therefrom.

(4) The plaintiff, as the undisputed evidence shows, was at the time of the accident driving under the railroad track, and the engine was passing above her; and a wooden floor prevented the engineer from seeing whether or not the horse was frightened or showed any indications of fright. The mere facts that the engineer could have seen plaintiff approaching the underpass, and that steam was escaping while the engine was passing over her, do not show actionable negligence. There was no tendency of the evidence to show negligence after discovery of peril, nor was there anything to show "recklessness or wantonness" in the operation of the engine, or that the engineer knew plaintiff was under the bridge at the time. In *Garth's Case,* 179 Ala. 162, 59 South. 640, 46 L. R. A. (N. S.) 430, the authorities of this and other states, on the subject of liability of railroads for frightening domestic animals, were reviewed, and in concluding the review it was said: "From these decisions of our own court, in connection with the decisions of other courts, we extract the principle that, as to the initial fright, the company is not liable unless the acts of the servants of defendant were wanton and malicious; but after the animal is on the track, frightened, and running under conditions that indicate that, unless the train is stopped, it will run into the trestle, and that the

[Birmingham Ry. L. & P. Co. v. Lipscomb.]

danger may be averted by stopping the train, a duty arises to stop it; and if the engineer negligently fails to do so the company will be liable."

(5) Under these authorities, especially the last, we are unable to find evidence sufficient to carry this case to the jury. In fact, there is no allegation of wantonness, and no proof of negligence after discovery of peril, nor of reckless negligence before the discovery of peril; and the authorities are settled that one or the other of these conditions must be shown.

Reversed and demanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.