(78 South. 854)

ALABAMA GREAT SOUTHERN R. CO. v. HALLADAY. (2 Div. 666.)

(Supreme Court of Alabama.   April 18, 1918.)

1. RAILROADS ⬥344(4) — FRIGHTENING MULES BY ESCAPING STEAM—COMPLAINT.

A complaint against a railroad alleging that its engineer negligently caused or allowed steam to escape or be emitted from its locomotive, making a great noise, calculated to frighten ordinarily gentle mules, the sight and noise of which frightened plaintiff's mules and caused them to run away, was sufficient.

2. RAILROADS ⬥305(2) — FRIGHTENING MULES.

A railroad is not liable for injuries to a driver of mules because its locomotive was caused or allowed to make a loud noise and to emit steam, causing mules to run away, or because after the engineer signaled the driver to cross the track near the locomotive he allowed the engine to exhaust or emit steam, where the mules did not show any indications of being frightened, and the engineer had no reason to believe they would be frightened, and the emission of the steam was not unnecessary.

3. RAILROADS ⬥346(1)—BURDEN OF PROOF.

In such action, plaintiff has the burden of proof.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

Action by S. G. Halladay against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Act April 18, 1911, p. 449, § 6. Reversed and remanded.

A. G. & E. D. Smith, of Birmingham, for appellant. W. J. Monette, of Tuscaloosa, for appellee.

MAYFIELD, J. The action is to recover damages for personal injuries the result of plaintiff's being thrown from his buggy, upon his mules becoming frightened at the noise and escaping steam from one of defendant's steam locomotives. Plaintiff was driving his team along a public highway in or near the town of Moundville, and while crossing defendant's track the animals took fright and ran away, with the consequences stated. The negligence or wrongful act alleged, and

upon which liability is predicated, is set up in the five counts upon which the trial was had in varying terms, but in all, substantially as in the first count, as follows:

"The engineer in charge of said locomotive negligently caused or allowed said steam to escape or be emitted from the said locomotive, making a great noise, which was calculated to frighten mules of ordinary gentleness, the sight and noise of which frightened the said mules and caused them to run away."

The facts, if any, which warrant a finding in support of these allegations of negligence, are thus detailed by the plaintiff as a witness:

"As my mules started on up the road, and when they had got in front of engine, the steam gushed out suddenly from all around the train, it seemed to me. It popped off with a loud noise, and a large amount of smoke. I have observed trains, standing and running, pretty well all my life, and have been familiar with them. When the steam and smoke came out of the engine the mules made a dash, and hit the rail, and the axle broke, and my mules ran away."

One Roy Davis, who was riding in the buggy with plaintiff, thus narrates the facts which must prove negligence or fault if any there was:

"The engineer motioned for us to come on across, and about the time we got on the railroad the steam popped off and scared the mules, and they ran down the railroad, and ran up against the rail, and broke the buggy axle, and that threw the plaintiff down in front of the hack; that was a public road. The buggy was drawn by two mules; plaintiff was driving and I was sitting in the seat with him. The engine was standing about to the rut of the public road. We passed in front of the engine. It was about 4 o'clock in the afternoon. The first time we stopped we were about 30 or 40 yards from the engine, and the second time about 10 or 12 feet from the engine; then it was that the engineer motioned for us to come on, and we started; we just got on the railroad right at the track when the steam popped off; it was not a loud noise; it was about like a gun fired, and then the mules commenced to get away."

There was evidence to show that the mules were of ordinary gentleness, though there was evidence to support a contrary finding as to this. The defendant's evidence, if true, acquitted it of all negligence or wrong in the matter.

The trial resulted in a verdict and judgment for plaintiff for $250, and defendant appeals, and assigns error as to the overruling of its demurrer to each of the counts, and as to the refusal of a number of charges requested by it.

The rules of law fixing liability on railroad companies as for the results of frightening domestic animals on or near their tracks, by noises or escaping steam from locomotives or trains, are somewhat different from those fixing liability as for injuries the result of collisions between their engines or trains and persons or domestic animals on or near the tracks. This difference results from necessity; the reasons therefor have been frequently discussed by this court. In Central of Georgia Railway Co. v. Fuller, 164 Ala. 196, 51 South. 309, it was said:

"That railroad companies have the right to operate their trains; that such companies have the right to make all the usual noises incident to the operation of their trains; and that negligence, alleged to have resulted in frightening an animal, cannot be predicated upon the operation of a train, unless in so doing unnecessary noises were made, and these noises, or the movement of the train were recklessly or wantonly made or done after discovery of peril, or were made or done with the intention of frightening the animal in question." A. G. S. R. R. Co. v. Fulton, 144 Ala. 332, 39 South. 282; Alabama Consolidated Coal & Iron Co. v. Cowden, 175 Ala. 115, 56 South. 984.

It has also been held that statutes as to the burden of proof in certain actions against railroad companies, such as section 5476 of the Code, are not applicable to cases like this. Garth's Case, 179 Ala. 162, 59 South. 640, 46 L. R. A. (N. S.) 430; Id., 186 Ala. 154, 65 South. 166; L. & N. R. R. Co. v. Kelley, 73 South. 953.[1] Our system of pleading negligence and wantonness, by very general averments, little more than mere statements of conclusion, has, however, been applied to actions like this. Fuller's Case, 164 Ala. 196, 51 South. 309; Fulton's Case, 144 Ala. 332, 39 South. 282; Cowden's Case, 175 Ala. 108, 56 South. 984; Stedham's Case, 101 Ala. 376, 13 South. 553; L. & N. R. R. Co. v. Kelly, 198 Ala. 648, 73 South. 953.

[1] Following the rule of the above cases, we hold that each count of the complaint, as to which demurrers were overruled, was sufficient, and that there was no error in such rulings.

[2] We hold, however, that there was no evidence in this case to show either actionable negligence on the part of the defendant, or any wanton or willful wrong which would support the action charged in any one of the five counts. The most that was shown was that the locomotive was caused or allowed to make a loud noise and to emit steam, which frightened plaintiff's mules, causing them to run away. The mere fact that the engineer saw plaintiff or signaled him to cross the track did not serve to make his action in allowing the engine to exhaust or emit steam actionable negligence. There was no evidence tending to show that prior to the mules going onto the track, or to the time the engine emitted steam, they exhibited any indications of being frightened; or that the engineer had reason to believe that they would be frightened by the noise or steam, which is not only usual, but necessary, in the operation of trains and locomotive engines. There was no evidence tending to prove the allegation that making the noise or emitting the steam, on the occasion in question was even unnecessary, much less negligent or wanton. So far as the proof

[1] 198 Ala. 648.

showed or tended to show, it may have been absolutely necessary or unavoidable.

[3] The burden of proof as to these matters was on the plaintiff. Of course it is not necessary, in such cases, that the plaintiff introduce proof which in terms or expressly shows the facts; but he must offer proof of facts which will warrant the jury in inferring that they did exist or were present. There was no evidence that the noise was continued after the animals did become frightened, or that after the danger or peril was discovered the engineer did, or failed to do, anything which the law required him to do under such circumstances; that is, there was no proof to show, or even tendency of the evidence to prove, subsequent negligence.

The evidence in this case is much weaker and much less persuasive to show actionable negligence or willful wrong than was that in the case of Louisville & Nashville Railroad Co. v. Kelly, 73 South. 953,[2] or that in Fuller's Case, 164 Ala. 196, 51 South. 309, or that in Stedham's Case, 101 Ala. 376, 13 South. 553. We find no evidence in the record which supports the action alleged. We do not overlook the rules declared by this court in Fulton's Case, 144 Ala. 332, 39 South. 282, but have observed them and reaffirm them. "If, after becoming aware that his mule was becoming frightened by the engine, or the noises being made by the operation of the engine, they failed to use every means at hand which a man of ordinary care and prudence would have had recourse to to allay the fright of the animal, such as abating the noises, stopping the engine, that being practicable, etc., and injury resulted from such failure to the plaintiff, the defendant would be liable in damages in this action. Glass v. Memphis & Charleston R. R. Co., 94 Ala. 581, 10 South. 215; Ala. Great Southern R. R. Co. v. Linn, 103 Ala. 139, 15 South. 508; 23 Am. & Eng. Ency. Law, pp. 744, 745. The defendant would also be liable if the trainmen, knowing of the proximity of the plaintiff with his vehicle and mule to the track, unnecessarily caused the engine to make unusual noises calculated to frighten a mule of ordinary gentleness, and such noises did frighten this mule, and thereby caused plaintiff to be injured, and this, of course, though the animal gave no indication of fright prior to the noises." A. G. S. R. R. Co. v. Fulton, 144 Ala. 332, 341, 39 South. 282, 284.

It follows that the affirmative charge should have been given for the defendant as requested.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.