(97 South. 679)

## ST. LOUIS–SAN FRANCISCO RY. CO. v. HICKS. (6 Div. 290.)

(Court of Appeals of Alabama. Oct. 16, 1923.)

**1. Railroads** ⊚⇒394(3) — **Allegations as to causing or allowing steam and noise held good.**

Where, in an action against a railroad for frightening a mule, plaintiff alleged defendant negligently caused "or" allowed the engine · or locomotive to emit a large and unusual or unnecessary amount of steam and noise, either alternative averment, in connection with an averment that the injury complained of · was the result of the negligence alleged, was sufficient, and it was not necessary to allege additionally that such notice was calculated to frighten mules of ordinary gentleness.

**2. Railroads** ⊚⇒360(1)—**Engineer held to owe duty to mule driver of operating engine without unnecessary noise.**

If railroad engineer saw driver of mule approaching alongside the track and near thereto, and the road continued to parallel the track to a point where the/ locomotive and plaintiff must pass close to each other, he owed the ·driver the duty to operate the locomotive without causing large and unusual or unnecessary noise.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action for damages for frightening a mule, etc., by Lelar Hicks against the St. Louis-San Francisco Railway Company. From a judgment for plaintiff,- defendant appeals. Affirmed.

Bankhead & Bankhead, of Jasper, for appellant.

Railroad companies have the right to make all the usual noises incident to the operation of their trains, and any negligence alleged to have resulted in frightening an animal cannot be predicated upon the operation of a train, unless in so doing unnecessary noises were made, and these noises or the movement of the train were recklessly or wantonly made or done after discovery of peril, or were made or done with the intention of frightening the animal in question. Ala. Consolidated Coal & Iron Co. v. Cowden, 175 Ala. 108, 56 South. 984; Central of Ga. R. R. Co. v. Fuller, 164 Ala. 196, 51 South. 309; L. & N. Railroad Co. v. Kelly, 198 Ala. 648, 73 South. 953. The mere want of necessity for making or allowing the noise, without more is not negligence to liability for injury or damage resulting therefrom. Cowden's Case, supra; L. & N. Railroad Co. v. Kelly, supra. In an action for frightening animals traveling in the road, the plaintiff has the burden of proof. Ala. Great Southern R. R. Co. v. Halladay, 201 Ala. 500, 78 South. 854.

Coleman D. Shepherd, of Jasper, for appellee.

The allegation that the person in charge of. the engine negligently caused or allowed said. engine or locomotive to emit a large and unusual or unnecessary amount of steam and noise, ·thereby frightening a mule of ordinary gentleness, injuring plaintiff, is sufficient. L. & N. v. Kelly, 198 Ala. 648, 73 South. 953. The term "reckless," when used in conjunction with negligence, means no more than simple negligence. Sou. Ry. v. Goins, 1 Ala. App. 370, 56 South. 253.

SAMFORD, J. [1] The allegation in the. complaint to which objection is taken by, demurrer is:

"Negligently caused or allowed said engine or· locomotive to emit a large and unusual or unnecessary amount of steam and noise, and as. a proximate result thereof said mule was frightened, etc."

It is insisted that the allegation being in the alternative, unless both alternatives are sufficient, the demurrer should be sustained. This, of course, would follow, but in our opinion either alternative averment colluding with the averment that the injury complained of was the result of the negligence alleged is sufficient. L. & N. R. Co. v. Kelly, 198 Ala. 648, 73 South. 953. If, as is contended, the allegation should have contained the additional averment that such unusual noise was calculated to frighten mules of ordinary gentleness, a demurrer to this would doubtless have been interposed to the effect that it stated a conclusion.

It has been held in several cases that the mere want of necessity for making unusual noises in the operation of · locomotives and trains, without more, is not such negligence as would warrant a liability; and, in a case similar to the present case, the Supreme Court, in summarizing actionable negligence, inferentially says there must be wantonness, negligence after discovery of peril, or reckless negligence before the discovery of peril. L. & N. R. Co. v. Kelly, 198 Ala. 648, 653, 73 South. 953.

Under the evidence there was no wantonness, and neither do we think there was negligence after discovery of peril. This leaves us to consider the evidence as applied to the· third instance. In view of the rulings of both the Supreme Court in Stringer v. Ala. M. R. Co., 99 Ala. 397, 13 South. 75, and Court of Appeals in So. Ry. v. Goins, 1 Ala. App. 370, 56 South. 253, we may eliminate the word "reckless" from the rule as stated in L. & N. R. Co. v. Kelly, supra, leaving the charge to be proven one of negligence arising out of the facts of this particular case.

[2] Did the defendant owe the plaintiff a duty? If the defendant's engineer saw the plaintiff approaching from the opposite· direction alongside the track, and in close proximity thereto, driving a mule· hitched to

a buggy, and the road on which plaintiff was traveling continued to parallel defendant's track to a point where the locomotive and plaintiff must pass in close proximity to each other, the defendant owed the duty to plaintiff to operate its locomotive at that time, without causing or allowing any "large and unusual or unnecessary noise." This under the evidence was a question for the jury. Did the defendant, at the time alleged, and with a knowledge of the close proximity of plaintiff and her mule, cause or allow its locomotive to emit large and unusual or unnecessary noise?' This too, was a jury question. That there was damage is not denied, and its proximate cause was for the jury.

The motion for a new trial was properly overruled.

The judgment is affirmed.

Affirmed.