[Freeman v. Central of Ga. Ry. Co.]

# Freeman *v.* Central of Ga. Ry. Co.

*Damages for Injury.*

(Decided Feb. 13, 1908. 45 South. 898.)

1. *Appeal; Review; Harmless Error; Overruling Demurrers.*— Where there was no evidence to sustain a count in the complaint, to which the plea of the statute of limitations is interposed, it was harmless error to overrule demurrer to the plea, although the plea was bad in form.

2. *Limitation of Action; Computation of Period; Amendment.*— Where a complaint sets up simple negligence or the willful, wanton or reckless conduct of the defendant, an amendment thereto charging that the damages were caused by the willful, wanton or reckless conduct of defendant's servants or agents, such amendment sets up a new ground of liability, and is subject to the plea of the statute of limitations, and in determining whether or not it is barred the time must be calculated from the infliction of the wrong to the date of the filing of the amendment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by R. A. S. Freeman against the Central of Georgia Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See 140 Ala. 581, 37 South. 387.

BOWMAN, HARSH & BEDDOW, for appellant. The 4th count as amended is in trespass and the statute of limitations of six years is filed, and the court erred in overruled demurrer to the 11th plea in answer to it.—*Cent. of Ga. Ry. Co. v. Freeman,* 140 Ala. 581; *City Del. Co. v. Henry,* 139 Ala. 161; *Lambie, et al. v. Sloss I. & S. Co.,* 118 Ala. 428. The cause of action set up by the 6th count as amended is within the lis pendens.—*L. & N. R. R. Co. v. Woods,* 105 Ala. 561; *A. G. S. R. R. Co. v. Chapman,* 83 Ala. 453; *Manchester Fire Ins. Co. v. Fiebleman,* 118 Ala. 322; *Chicago, St. Louis & P. R. Co. v.*

*Billis,* 118 Ind. 221; *Adams v. Phillips, Exec.,* 75 Ala. 461; *A. G. S. R. R. Co. v. Thomas & Sons,* 89 Ala. 304; *Agee v. Williams,* 30 Ala. 639; *Bradford v. Edwards,* 32 Ala. 631; *McDonald v. State of Nebraska,* 41 C. C. A. 283.—*Evans v. Richardson,* 76 Ala. 332; *Stringer v. Waters,* 63 Ala. 561; *Jno. E. Kuhn v. J. H. Brownfield,* 11 L. R. A. 700; *Ross v. State,* 131 Ind. 548; *W. U. T. Co. v. Way,* 83 Ala. 553; *Dowling v. Blackmon,* 70 Ala. 304; *Sublett v. Hodges,* 88 Ala. 491; *B'ham Fur. & Mfg. Co. v. Gross,* 97 Ala. 222; 1 Enc. Pl. & Pr. 621, and authorities cited; *Ricketts v. Weeden,* 64 Ala. 548; *Bradford v. Edwards,* 32 Ala. 628.

LONDON & LONDON, for appellee. The evidence in the case at bar is similar in all respects as on the former appeals in this case.—134 Ala. 354 and 140 Ala. 581. Conceding that the statute of limitations are not applicable to the 4th count there was no evidence to support this count.—140 Ala. 581. The 11th plea was proven as laid, and defendant was entitled to the affirmative charge thereunder.—*Breitling v. Marks,* 123 Ala. 222. Whether in an amendment or replication, an averment of willfulness is a departure from pleading alleging simple negligence only.—*L. & N. R. R. v. Markee,* 103 Ala. 160; *A. G. S. R. R. v. Smith,* 81 Ala. 229; *George v. M. & O. R.* 109 Ala. 245-258; *A. G. S. R. R. v. Hall,* 105 Ala. 599-605; *Davis v. Miller,* 109 Ala. 589-600; *C. of Ga. Ry. v. Foshee,* 125 Ala. 199. As conclusive of this case on the question of amendment we cite the following.—*Freeman v. Cent. of Ga.,* 140 Ala. 581; *Nelson v. First Nat. Bank,* 139 Ala. 578; *Box v. C. R. I. & P. Co.,* 107 Ia. 667; 1 Ency. P. & P. 566.

SIMPSON, J.—The original complaint in this case was filed October 8, 1899, containing five counts, and on

appeal this court held that the first, second, and third
charged negligence, and that the fourth and fifth counts
charged nothing; that the plea of contributory negli-
gence was sustained, and the defendant was entitled to
the affirmative charge.—*C. of G. R. R. Co. v. Freeman,*
134 Ala. 354, 32 South. 778.  On October 25, 1902, the
fourth count was amended by striking out the portion of
it which had been condemned and leaving a simple count
charging willfulness and wantonness on the part of the
defendant, and at the same time adding the sixth count;
and on the second appeal this court held that both the
fourth and sixth counts were in trespass, that they
charged willfulness or wantonness on the part of the
defendant, that to sustain them it was necessary to prove
"actual participation on the part of the defendant in the
damnifying act," and, there being "no such proof, nor
any evidence tending to establish such participation,"
the general affirmative charge should have been given,
on the request of the defendant, on said fourth and sixth
counts.—*Central of Ga. R. Co. v. Freeman,* 140 Ala. 581,
37 South. 387.

On the trial now appealed from the fourth count now
remains as it was when last before this court, and the
sixth count was amended so as to make a count in case
based on the willfulness or wantonness of defendant's
servants.  The defendant's plea numbered 11 to these
counts is "that the said plaintiff ought not to have and
maintain the aforesaid action therein alleged against it,
because it says that the said several supposed causes of
action in said counts mentioned did not, nor did any or
either of them, accrue at any time within one year next
before the filing of said count against the said defendant
in manner and form as the said plaintiff hath in said
counts complained against it, the said defendant."  To
this plea the plaintiff interposed a demurrer and assign-

ed the following causes: "(1) The count as amended relates back to the original filing of the complaint. (2) Said plea does not aver or show that the cause of action did not accrue within one year next before the filing of the original complaint in this case. (3) The statute of limitations of one year does not apply to said cause of action. (4) The complaint, as originally filed, contained a count or counts attempting to set up wantonness. (5) The complaint as originally filed contained the same cause of action averred in said count as amended." An additional cause is applied to the sixth count alone, that it "sets up the same cause of action attempted to be set up in one of the counts of the original complaint." The count overruled the demurrer to the eleventh plea and on written request gave the general affirmative charge in favor of the defendant, and the assignments of error are to the action of the court in these two matters.

The fourth count as amended is in trespass, and the plea of the statute of limitations of one year was no answer to it. There was no evidence to sustain it, and in view of the previous history of this case and the full evidence as to the accident we cannot suppose that any evidence existed to sustain this count. Consequently, as further shown in this opinion, the overruling of the demurrer to plea 11 was error without injury.

Up to the time of the final amendment of the sixth count of the complaint, which charges willful, wanton, or reckless conduct on the part of the servants of the defendant, the allegations of the complaint had been either such as to set up simple negligence, or willful, wanton, or reckless conduct on the part of the defendant itself; said count being in trespass. The amendment places the claim for damages on the willful, wanton, or reckless conduct of the servant of the defendant, being a count in case. This sets up a new claim or different

[Freeman v. Central of Ga. Ry. Co.]

ground of liability from that declared on in the original complaint, "requiring different evidence from that which would have been necessary under the original complaint." Hence it does not relate back to the date of the original complaint, and in determining whether the action is barred by the statute of limitations the time should be calculated up to the date of the filing of said amendment. In other words, the cause of action set up in the sixth count as amended was not within the lis pendens, and there was no error in overruling the demurrer of plaintiff to the eleventh plea in so far as the assignments 1, 2, 4, and 5 are concerned.—*Nelson v. First National Bank of Montgomery*, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; *A. G. S R. R. Co. v. Smith*, 81 Ala. 229, 1 South. 723. The case of *Cen. of Ga. Ry. v. Foshee*, 125 Ala. 201, 27 South. 1006, was dealing only with the right of amendment, and not with the question of its relation back to the filing of the complaint. The distinction is clearly drawn in the *Nelson Case, supra.*

On the question of the general charge, which was given, in favor of the defendant, the plaintiff's own testimony shows that he was guilty of contributory negligence, and this is practically admitted; but the claim is that the defendant is liable, under the fourth and sixth counts as amended, for the willfulness, wantonness, etc., in running into a thickly populated locality where people were liable to be on the track, etc. Without entering into the evidence in detail on this question, the fourth count is in trespass, and charges the willfulness, etc., against the defendant, and there is not a particle of proof to sustain it; and as to the sixth count the plea of the statute of limitations of one year was applicable, and the evidence shows that the action was barred at the time the amended count was filed. So, with the record as it was, and on the evidence as presented, there was no er-

ror in the giving of the general charge in favor of the defendant.

The judgment of the court is affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.

## ON REHEARING.

TYSON, C. J.—I did not sit when this case was originally decided; but, now that it has become necessary for me to take part in the disposition of this application, I feel it my duty to express my views upon the questions involved. It will be readily seen from the opinion, from which a majority of the court decline to recede, that the fate of the controversy is made to turn upon the sufficiency of the plea of the statute of limitations interposed as a defense to the sixth count, which was added by way of amendment to the complaint, and which counted for a recovery upon the willful or wanton conduct of defendant's servants, and, therefore, in case. It will also be noted that the first, second, and third counts of the complaint as originally filed were in case, counting for a recovery upon the negligence of defendant. So, then, the simple question is: Can a count in case, predicating a recovery upon willful or wanton conduct of the servants of defendant, be properly added by amendment to a complaint which sought a recovery for negligence? I regard this question as settled in the affirmative by the case of *Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 221, 27 South. 1006. If the added count introduced no new cause of action, and it did not, as was held in the case above cited, then the matter brought forward in the amended count is necessarily within the lis pendens of the original counts, and is not subject to be defeated by the plea of the statute of limitations, unless the cause of action laid

in the original counts was barred at the time the action was brought.

The reasoning in the case of *Nelson v. First National Bank,* relied on as supporting the holding of my Brothers, is, in my judgment, wholly unsound, and my reasons in part for holding this view will be found extendedly set forth in the case of *Ala. T. & I. Co. v. Hall,* 152 Ala. 262, 44 South. 586, 597. In addition to what I then said, I wish to say, further, that the doctrine sustaining the defense of the statute of limitations to a new claim, introduced by amendment, growing out of the cause of action originally sued on, is, in my opinion, wholly untenable and cannot be sustained. Logically, this holding would lead to the result that the plaintiff in this case could have maintained, at the same time, two separate and distinct actions upon the same cause of action, but each asserting a different claim growing out of that cause of action, and a recovery upon one of those claims would be no bar to a recovery upon the other. In short, this plaintiff could have sued this defendant in one action for negligently injuring him, and in the other for his willful and wanton injury by defendant's servants; and, clearly, if the claim sought to be recovered for in the latter case was not within the lis pendens of the former, a judgment in the former would not be res adjudicata as to the latter. So, then, under the doctrine announced, although the plaintiff be cast in one of his actions he may have judgment upon the same cause of action in his other; or he may institute only one action, say, for his willful or wanton injury, and if he be cast in that suit he may then institute another action upon his new claim for negligent injury, and, if not barred by the statute of limitations when begun, recover, notwithstanding he had only suffered one injury at the hands of defendant's servants.

40 R

The application for rehearing, in my judgment, should be granted.

HARALSON and DENSON, JJ., concur in this conclusion. The other Justices, adhering to the former opinion, hold that the application must be denied.