# Nashville C. & St. L. Ry. Co. *v.* Garth.

### *Damages for Injury to Stock on Track.*

(Decided May 14, 1908.  46 South. 583.)

1. *Limitation of Action; Amendment; New Cause of Action; Form.*
Where the original complaint alleged that the defendant willfully
and negligently ran its locomotive on and over certain horses, and
the amendments thereto alleged that the injuries were caused by the
horses running into a trestle on account of being frightened by the
locomotive, the amendment set up no new cause of action rendering
it open to the defense of the statute of limitation, as both the origi-
nal and amended counts were in case.

2. *Railroads; Injury to Stock; Value; Evidence.*—Although it may
be that on the question of the value of the colts injured, the fact that
they had been entered for the "futurity stakes" may have been
proper, yet testimony as to the costs of entering the colts for the
"futurity stakes" and the value of the stake was not admissible.

3. *Appeal and Error; Parties Entitled to Allege Error.*—Where the
bill of exceptions shows that the defendant objected to the admission
of certain evidence, and that his objection was sustained, he can
take nothing from an assignment of error on such ruling.

4. *Evidence; Admissions; Tax Record; Value of Stock.*—Where it
did not appear that the tax assessment for that year was given in
by the plaintiff, or that it included the colts alleged to have been
injured, the tax assessment for that year was not evidence on the
question of the value of the colts, and it was properly excluded.

5. *Railroads; Injuries to Stock; Measure of Damages; Actual Dam-
ages.*—Where there was no evidence showing an intentional or wan-
ton injury, the measure of damages is the actual damages sustained
by the plaintiff from injuries to his stock.

6. *Same; Instructions Argumentative.*—A charge asserting that the
question for the jury to decide was not alone whether the stock was
killed and injured by the defendant, but, before the jury could find
for the plaintiff, they must be reasonably satisfied from the evidence
that the killing and injury was caused by the defendant's negligence,
and the burden of proving such negligence is on the plaintiff, and
was not to be presumed from the facts of injury, is misleading and
properly refused.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by W. F. Garth against the Nashville, Chat-
tanooga & St. Louis Railway.  From a judgment for
plaintiff, defendant appeals.  Reversed and remanded.

The pleadings and the facts are sufficiently stated in the opinion of the court. The following charges were refused to defendant: "(2) Even if the jury should find from the evidence in this case that the plaintiff is entitled to recover, he can recover only the damages he actually sustained by the alleged injury." "(6) I charge you, gentlemen, that there is no evidence of any intentional or wanton negligence on the part of defendant or its employes." "(13) The question for the jury to decide in this case is not alone whether or not the plaintiff's stock was killed and injured by the defendant company, but before you can find for the plaintiff you must be reasonably satisfied from the evidence that the killing and injury was caused by the negligence of defendant, and the burden of proving such negligence rests in this case on the plaintiff, and negligence is not presumed against defendant from mere proof of the killing and injury." There was judgment for plaintiff in the sum of $5,146.

O. R. HUNDLEY, for appellant. The amended counts were a departure from the original complaint, were not within the lis pendens and consequently, did not relate back to the filing of the original complaint.— *Nelson v. 1st Nat. Bnk*, 139 Ala. 578; *A. G. S. R. R. Co. v. Hall*, 133 Ala. 362; *L. & N. R. R. Co. v. Woods*, 105 Ala. 570. The replication must be within the issues presented.—18 Ency P. & P. 705. The court erred in refusing charge 2.—*City Del. Co. v. Henry*, 139 Ala. 166; *Bir. Ry. L. & P. Co. v. Spencer*, 39 South. 477. The court erred in refusing charge 6.—*Southern Ry. Co. v. Bunt*, 131 Ala. 595; *Brown v. R. R. Co.* 111 Ala. 275; *Glass v. R. R. Co.* 94 Ala. 581 *Cent. of Ga. Ry. Co. v. Lamb*, 124 Ala. 172. The court should have given charge 13.—*A. G. S. R. R. Co. v. Boyd*, 124 Ala. 526.

[Nashville C. & St. L. Ry. Co. v. Garth.]

WALKER & SPRAGINS, for appellee. The demurrers to the several pleas were properly sustained. The relation of the owner's negligence to the injury is too remote.—*A. G. S. R. R. Co. v. McAlpine,* 71 Ala. 545; *A. G. S. v. Jones,* 71 Ala. 487; *L. & N. R. R. Co. v. Kelcey,* 89 Ala. 287. The amendment was within the lis pendens of the original suit.—*A. G. S. v. Hall,* 133 Ala. 362; *Nelson v. 1st Nat. Bank,* 139 Ala. 587; *N. C. & St. L. Ry. Co. v. Hill,* 40 South. 612; *Sublett v. Hodges,* 88 Ala. 495; *Long v. Patterson,* 51 Ala. 414; *L. & N. v. Woods,* 105 Ala. 569; *A. G. S. v. Thomas,* 89 Ala. 284. The duty was on the engineer to use all necessary precautions to prevent injury when he saw the stock in dangerous proximity to the track.—*Chattanooga South. v. Daniels,* 122 Ala. 366; *Chattanooga South. v. Wilson,* 124 Ala. 444. The court properly admitted the evidence as to the futurity, etc.—*Western R. R. v. Lazarus,* 88 Ala. 456; *Sullivan v. Leher,* 11 Am. St. Rep. 390; *Loesh v. Cochler,* 53 L. R. A. 682; 110 Am. St. Rep. 797; 37 Ala. 397. The court did not err in refusing charges 2 and 11.—*Parker v. Wise,* 27 Ala. 483; *A. G. S. v. McAlpine, supra.* The court properly refused charges 4, 6, 8 and 10. Charge 13 was properly refused.—*Allen v. The State,* 42 South. 1006.

DOWDELL, J.—The complaint as originally filed contained three counts. It was subsequently amended by adding four other counts, numbered 4, 5, 6, and 7. In each of the three counts of the original complaint, in stating the cause of action, it is alleged that the injury complained of was inflicted by the application of direct force—in other words, it is alleged that the defendant ran its locomotive and train of cars over or against the colt which were injured. In each of the counts (4, 5, 6, and 7) added by way of amendment it is alleged that

the injuries to the colts were caused by their running into a trestle from being frightened by the defendant's locomotive and cars. On the facts stated in the original complaint, the form of action might be trespass or case, according as to how the alleged wrong is averred to have been committed, whether intentionally or as the result of negligence. Indeed, the second count of the original complaint avers that the defendant "negligently, willfully, and wantonly" prepelled its engine and cars against the colts; while on the facts stated in the amendment, case, and case only, would lie. It is quite clear that no recovery could be had under counts of the original compaint on evidence which only supported the allegations of the counts subsequently added as amendments as to the manner of the injury, and vice versa. By the amendment a new and different claim or cause of action was introduced, and was open to the defense of the statute of limitations.—*Nelson v. First National Bank,* 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; *Freeman v. Railroad,* 154 Ala. 619, 45 South. 898; *Smith Case,* 81 Ala. 229, 1 South. 723.

The court erred in admitting in evidence, over the defendant's objection, testimony as to what was the cost of entering the colts for the "futurity stakes," and as to what was the amount of the "futurity stakes." This evidence, under the issues, was clearly illegal, and calculated to prejudice the jury unfavorably to the defendant. It may be that on the question of value of the colts it was proper to show that the colts had been entered for "futurity," but not the cost of such entry, or the value of the "futurity stakes."

The bill of exceptions states that the defendant objected to the tax record of 1903, and the objection was sustained. The ruling was in defendant's favor from this statement, and, if so, would furnish no ground for

[Nashville C. & St. L. Ry. Co. v. Garth.]

exception by the defendant. It may be this is a clerical error; but, however it may be, there was no error in the ruling. It does not appear that the assessment for taxes for that year was given by the plaintiff, or that it included the colts in question.

There was an entire absence of evidence showing intentional or wanton injury to the colts, and hence the measure of recoverable damages was the actual damages sustained by the injury to the colts.

Written charge No. 2, requested by the defendant, should have been given. Charge 6, also, should have been given. Charge 13, requested by the defendant, was argumentative and of misleading tendency, and for this reason, if for no other, was properly refused.

For the errors indicated, the judgment is reversed, and the cause remanded. All of the Justices concur in the judgment of reversal, and in what is said in the foregoing opinion, except as to the question of amendment and the statute of limitations; the other Justices holding that the amendment was allowable, and not open to the defense of the statute of limitations, for the reason that the original and amended counts were all in case, and citing *Southern Railway Co. v. Bush*, 122 Ala. 470, 26 South. 168.

Reversed and remanded. All the Justices concurring.