# St. Louis & S. F. R. R. Co. *v.* Hooker.

## *Damages for Killing Stock.*

(Decided June 10, 1909.   50 South. 56.)

*Limitation of Action; Amendment; New Cause of Action.*— Where the original suit was brought before the running of the statute of limitations the complaint in which alleged that the railroad company negligently killed plaintiff's hog by running a locomotive engine, or train of cars on or against it, and after the bar of the statute, the complaint was amended by the substitution of a new count charging that defendant's servant so negligently operated the train that they ran it against the hog, the property of plaintiff, and killed it, both the original and the amended complaint was in case, and charged simple negligence, and hence, the amendment related back to the commencement of the action and was not barred by the statute of limitations.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by J. E. Hooker against the St. Louis & San Francisco Railroad Company, for damages for killing a hog. Judgment for plaintiff and the defendant appeals. Affirmed.

[St. Louis & S. F. R. R. Co. v. Hooker.]

BANKHEAD & BANKHEAD, for appellant. The 1st count was in trespass.—*City Del. Co. v. Henry*, 139 Ala. 161. The amendment was in case, and hence, could not relate back so as to put it without the bar of the statute of limitation.—*Freeman v. C. of Ga. Ry. Co.*, 45 South 899. The 3rd pleas was proven and defendant is entitled to a judgment.

LEITH & GUNN, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is a suit by the appellee against the appellant for the killing of a hog. The action was commenced in the justice of peace court on June 9, 1905; the complaint being that "the defendant negligently killed a hog, the property of plaintiff, by running a locomotive engine or train over or against said hog." In the circuit court, on October 23, 1906, the plaintiff amended the complaint by substituting a count claiming that "the servants of defendant in charge of said train so negligently operated the same that they ran said train, or the engine thereof, against a hog, the property of the plaintiff, killing said hog." The plea of the statute of limitations of one year was interposed as to the amended complaint, it was proved that the hog was killed on May 18, 1905, and the court rendered judgment for the plaintiff.

The appellant contends that, under the previous decisions of this court, the amended complaint did not relate back to the bringing of the suit, and, it being shown that the action was barred at the time of the filing of said amended complaint, the judgment should have been for the defendant. In the case of *City Delivery Co. v. Henry*, 139 Ala. 161, 166, 34 South. 389, 390, while it was held that the second and fourth counts, which charg-

[St. Louis & S. F. R. R. Co. v. Hooker.]

ed that "the defendant, through its agent or servant, wantonly, willfully, or intentionally caused," etc., was in trespass, charging the willfulness, etc., against the defendant itself, yet, in discussing the first and third counts, which charged that "the defendant, by and through its agent or servant, * * * negligently caused," etc., the court said: "If it be granted that, construing the averments against the pleader, the intendment is that the running against and striking the plaintiff was directly caused by the negligent act of the defendant itself, and not that the collision was due to the negligent act of the defendant's servant merely, still the injury, being a resultant of negligence, and not of intentional causation, would be indirect, wanting in the application of force, and consequential, within the doctrine which distinguishes case from trespass."

It will be seen that in this case both the original and amended complaints were in case, charging simple negligence, and neither the case cited nor the case of *Freeman v. Central of Ga. Ry. Co.,* 154 Ala. 619, 45 South. 898, applies. The amended count related back to the commencement of the suit, and the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.