# McLemore *v.* City of West End.

*Damages on Account of Defective Streets.*

(Decided Feb. 2, 1909.  48 South. 663.)

1. *Municipal Corporations; Streets; Duty to Repair.*—A city is under the duty to keep its streets in reasonably safe repair to their full width.

2. *Same; Defective Street; Injury; Proximate Cause.*—Where a city negligently fails to repair its streets, if the person injured is not negligent, and if the injury would not have occurred, but for the defect, it is liable for such injury caused by such defect, even

[McLemore v. City of West End.]

though the injury would probably not have happened, but for an intervening or concurring cause for which neither party is responsible, such as a horse becoming frightened or unmanageable.

3. *Pleading; Amendment; New Cause of Action.*—Where the complaint alleged that the defendant city negligently allowed a wire fence to be maintained in a street, and that plaintiff was injured while riding along the street by his horse becoming unmanageable and running into the fence, it is not substituting an entirely new cause of action to allow the substitution of the word, frightened, for the word, unmanageable.

(Tyson, C. J., Dowdell and Simpson, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by G. B. McLemore against the City of West End. From a judgment for defendant on demurrer to the complaint, plaintiff appeals. Reversed and remanded.

The sixth amendment, alluded to in the opinion, is an amendment to the third count of the complaint by striking therefrom the word "unmanageable," where it occurs therein, and inserting in lieu thereof the word "frightened." The other pleadings and the rulings thereon sufficiently appear in the opinion.

B. M. ALLEN, for appellant. The statutes of Alabama in regard to amendments are *very liberally construed.*—*Mahan v. Smitherman,* 71 Ala. 563; *Beavers v. Hardie,* 59 Ala. 372; *Robinson v. Darden,* 50 Ala. 71; *Burkham v. Mastin,* 54 Ala. 122; *Nelson v. Webb,* Id. 436; *Boardman v. Parrish,* 56 Ala. 54. Rulings on motions to strike pleadings can be presented for review only by a bill of exceptions.—*Randall v. Wadsworth,* 130 Ala. 633; *Dothan v. Ward,* 132 Ala. 380, Municipal corporations are liable for obstructions of streets or thoroughfares when negligently permitted or allowed in said municipality.—*Tayloe v. Mayor and Alderman of Birmingham,* 105 Ala. 170; *Starr v. Mayor and Alderman of Birmingham,* 112 Ala. 98; *State v. Mayor*

*and Alderman of Mobile,* 5 Porter 279; *Hoole & Paullin
v. Attorney General Ex. Rel.,* 22 Ala. 190; *Costello v.
State,* 108 Ala. 45; *Stathakis v. State,* Id.; *Papalexander-
akis v. State,* Id.; *Whaley v. Wilson,* 112 Ala. 627;
*Bank v. Tyson,* 133 Ala. 459; *Cohen et als., Admrs. v.
Mayor, etc., of N. Y.,* 4 L. R. A. 406; *Kennedy v. New
York,* 73 N. Y. 365; *McCauley v. New York,* 67 N. Y.
602; *Ring v. Cohoes,* 77 N. Y. 83; *Kunz v. Troy,* 104
N. Y. 344; 22 L. R. A. 393, 148 Ill. 51; *City of Denver,
et al. v. Sherret,* 5 Amer. Neg. Reps 520.

The public is entitled to the use of the entire streets,
free from obstruction or hindrance.—4 L. R. A. 406
Supra; *Lincoln v. Boston,* 3 L. R. A. 257, Note; *Costello
v. State,* 108 Ala. 45. The negligence of others than
the defendant cooperating to cause the injury does not
relieve the defendant, even though without the agency
of both causes the injury would not have occurred.—
28 L. R. A. 696; (54 Kan. 316); *Union St. Ry. Co. v.
Stone,* 54 Kan. 83; *Griggs v. Fleckenstein,* 14 Minn. 81;
100 Amer. Dec. 199; *Oil Creek & A. R. Co. v. Keighron,*
74 Pa. 316.

C. B. POWELL, for appellee. No brief came to the
Reporter.

DENSON, J.—The original complaint contained four
counts, in which it was averred, in varying form, that
the duty rested upon the city of West End, a municipal
corporation, to keep its streets in reasonably safe con-
dition; that it had negligently allowed a wire fence to
be maintained in a street of the city; and that the plain-
tiff, while riding on horseback along the street, was
injured, by his horse becoming unmanageable and run-
ning into the fence, throwing the plaintiff, breaking
his leg, and otherwise injuring him. The general issue

was pleaded; and after the introduction of some of plaintiff's evidence, which tended to show that his horse, at the point described in the complaint, became frightened, and unmanageable by reason of fright, and by coming into contact with the fence was thrown upon the ground, and upon or against plaintiff's leg, breaking it, plaintiff amended his complaint by averring that the horse fell against the fence, and in falling fell upon the plaintiff's leg, and further offered to amend third count by striking out the word "unmanageable" and inserting in lieu thereof the word "frightened." The court, upon the motion of defendant, struck this latter amendment from the file as a departure from the original complaint. The plaintiff excepted to this ruling, and then, with leave of the court, amended the third count by adding, after the word "unmanageable," where it occurs in said count, the words "by reason of fright." The defendant demurred to the complaint as amended, upon the grounds that the complaint set up a new cause of action, that the fence being out in the street was not the proximate cause of the injuries complained of, and that the complaint failed to show any duty upon the part of the defendant in relation to the fence. The demurrers were sustained, and, the plaintiff declining to plead further, judgment was rendered for the defendant.

The duty of municipal corporations to keep their streets and sidewalks in a reasonably safe state of repair for public use is too well established to admit of further controversy; and this duty extends to the whole width of these public thoroughfares.—*City Council of Montgomery v. Reese,* 146 Ala. 410, 40 South. 760. If a municipality has been negligent in the discharge of of such a duty, and the person injured is not at fault, it is liable (according to the weight of authority) where the injury would not have occurred but for the obstruc-

tion or defect. It cannot excuse its cupability by saying that the injury possibly, or even probably, would not have happened but for the intervention of a concurring cause, such as a horse becoming unmanageable through fright, for which neither party is responsible.— Elliott on Streets, § 615, and authorities there cited; *Ring v. City of Cohoes*, 77 N. Y. 88, 33 Am. Rep 574. The rulings upon the demurrers to the complaint are opposed to these principles, and must work a reversal of the judgment of the court below.

The court erred, also, in striking the "sixth amendment" to the complaint. It did not create an entirely new cause of action, as is assumed by the motion, and was clearly admissible.

Reversed and remanded.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur. TYSON, C. J., and DOWDELL and SIMPSON, JJ., dissent.