# Decatur Water Works Co. *v.* Foster.

## *Damages for Injury in Collision With Water Plug.*

(Decided May 24, 1909. 49 South. 759.)

1. *Bill of Exceptions; Office and Purpose.*—The signing of a bill of exceptions is not judicial action in the sense of adjudging or enforcing the rights of the parties, but is a mere authentication of the history of the proceedings below, which, when authenticated, becomes a part of the record of this court, and hence, the fact that it was signed after the appeal had been taken is not grounds for motion to strike it.

2. *Streets and Highways; Collision; Proximate Cause.*—Where a water company negligently maintains a water plug about three feet from the sidewalk in a traveled street, and a buggy was drawn against it, on account of the fright of the horse resulting in injury to a person, the fright of the horse is not the sole proximate cause of the injury so as to relieve the water. works company from liability.

3. *Same; Obstruction in Street; Authority to Maintain.*—A city itself has no authority to negligently maintain a water plug in the public streets so as to endanger travelers, and hence, had no authority to authorize a water company to do so, and the maintenance by it of a water plug in the traveled street with the city's acquiesence, will not relieve the company from damages or liability resulting from injury therefrom.

4. *Same; Contributory Negligence.*—Where the action is against the water works company for negligently maintaining a water plug in a traveled street against which plaintiff's buggy came in collision on account of the shying of his horse, a plea setting up contributory negligence which fails to aver that the plaintiff was in such control of his horse when it shied as to have been able to avoid the striking of the plug, was defective and open to demurrer.

5. *Same; Instruction.*—The defendant not being relieved from liability by the city's permission to construct fire plugs in the street, in a negligent manner, charges are misleading which affirm that the city could grant to the water company the right to erect its fire plugs and lay its mains, etc., in the street, and grant it a franchise for the use of the street to supply water, etc., although abstractly correct.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by James A. Foster against the Decatur Waterworks Company. From a judgment for plaintiff, defendant appeals. Affirmed.

[Decatur Water Works Co. v. Foster.]

The following charges were refused to the defendant:
(2) "Under the charter of the municipality of Decatur,
I charge you that the city authorities had the right and
power to grant to the water company, or those under
whom it claimed, the right to lay its pipes and mains
and erect its fire plugs in the streets of Decatur." (4)
"The waterworks company is a public utility company,
and as such the municipal authorities had the power to
grant to it a franchise for the use of its streets for the
purpose of supplying water to its inhabitants and for
fire protection for the property of the inhabitants." The
facts and the pleadings are sufficiently stated in the
opinion.

JOHN C. EYSTER, for appellant.—The motion to strike
the bill of exceptions cannot prevail.—Sec. 426, Code
1896; *Caldwell v. Baldwin,* 43 Ala. 617; see also 47 Ala.
189. The court takes judicial knowledge of the charter
of a city.—*Lord v. Mobile,* 113 Ala. 360. Under the
charter of the city of Decatur, it had authority to au-
thorize the erection of the plug where it was erected.—
1 Dillon on Munic. Corp. sec. 146. The complaint shows
on its face that the location of the plug was not the
cause of the injury but that the shying of the horse was.
—*L. & N. v. Cook,* 28 South. 14; *Western v. Mutch,* 97
Ala. 194; *A. G. S. v. Chapman,* 80 Ala. Cooley on Tort,
sec. 69. The 4th and 9th grounds of demurrer should
have been sustained.—*City of Gadsden v. Mitchell,* 145
Ala. 137; Charter of Decatur. On the question of proxi-
mate and remote cause, see.—*Crowley v. City of West
End,* 149 Ala. 613. On the authority of *City of Gadsden
v. Mitchell, supra,* the court erred in sustaining the de-
murrers to the pleas of contributory negligence.

CALLAHAN & HARRIS, for appellee.—The bill of excep-
tions should be stricken. An appeal was taken before

the bill was signed, and hence, the court was without jurisdiction to take any further action in the matter.— *Montevallo Co. v. Reynolds,* 44 Ala. 252; *Hudson v. Bauer Groc. Co.,* 105 Ala. 200. As to when an appeal is taken see.—*Kimbrell v. Rodgers,* 90 Ala. 343. The extension or refusal to extend the time involves the exercise of judgment and discretion, and hence, is a judicial act.—*Ex parte Thompson,* 52 Ala. 98. The plaintiff's injury was the proximate cause of the maintenance of the plug, as well as the shying of the horse.—1 Thomp. on Neg. sec. 68; *Woolf v. Erie Tel. Co.,* 33 Fed. 320. The complaint was sufficient.—*L. & N. v. Orr,* 121 Ala. 498. The court properly sustained the demurrers to the pleas of contributory negligence.—*Osborn v. A. S. & W. Co.,* 135 Ala. 535. The obstruction maintained as it was in a public thoroughfare, was a nuisance.— *State v. Mobile,* 5 Port. 312; *Southern Bell Co. v. Francis,* 109 Ala. 230; *Groves v. Louisville R. R. Co.,* 52 L. R. A. 465. The city had no authority to negligently maintain a water plug in a travelled street, and hence, could have given the defendant no authority.—*McKillop v. Duluth St. Ry. Co.,* 55 N. W. 739.

McCLELLAN, J.—The appellee's motion to strike the bill of exceptions cannot be sustained. The status on which the motion is predicated is, in short, that the bill of exceptions was signed after the appeal had been taken. The office of a bill of exceptions is to afford the appellate court a history of the proceedings below. It is not judicial action in the case in the sense of adjudging or enforcing the rights of parties litigant. The act of signing a bill of exceptions is an authentication only of the memorial of the proceedings below, and, when properly authenticated, becomes a part of the record of this court.

The action is for damages for injury suffered by plaintiff (appellee) in consequence of a buggy in which he was riding being pulled by a shying horse against a fire plug of the defendant, located about three feet from the curb, in a public and much used street. The appellant insists, and appropriately raised the inquiry on the pleadings, that the injury must be ascribed for proximate cause to the shying of the horse, and not to the alleged negligent location, etc., of the fire plug in the street. In the recent case of *McLemore v. City of West End*, 159 Ala. 235, 48 South. 663, this question in substance was considered and treated and was there ruled against this appellant's contention. No error, therefore, infected the action of the trial court in applying the principle indicated.—*Crowley v. West End*, 149 Ala. 613, 43 South. 359, 10 L. R. A. (N. S.) 801, turned in decision upon the intervention of an independent cause, viz., the effort of the plaintiff to assist the fallen horse to his feet; and hence is not influential in the case in hand. Through rulings sustaining demurrers to a number of pleas and also in excluding evidence proffered by the defendant, the court denied to defendant the asserted defense that the fire plug was located as directed by the city council of Decatur, on which, by charter, was conferred the power and authority to control such matters. The complaint in effect charged that the fire plug, as located, was an unwarranted obstruction in the public street, and that its location as described was an act of negligence. We have not been shown any charter provision permitting the creation by the city of Decatur of such a condition. Of course, if the city itself had no right or authority to create the condition described in the complaint, the defendant, however formal may have been its contract with the city for the installation of a waterworks system, could not receive any such right or

authority from the city. Not having that power or right, the city could not confer it on the defendant.

The issue was negligence vel non in locating the fire plug, and permitting it to remain in the public street mentioned in the pleading. If, under all the circumstances, it was so negligent, then the defendant could not avail itself of the acquiescence or command of the city authorities as an excuse or justification for the negligent condition caused by it.—*Sou. Bell Tel. Co. v. Francis,* 109 Ala. 230, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930. See *Groves v. Louisville Ry. Co.,* 109 Ky. 76, 58 S. W. 508, 52 L. R. A. 448, and note on page 460; *Ring v. Cohoes,* 77 N. Y. 83, 88-90, 33 Am. Rep. 574. This issue was properly submitted to the jury. The court hence committed no error in sustaining the demurrers to the pleas attempting to set up the city's designation of the location of the fire plug in question as an answer to the negligence charged in the complaint, nor in excluding the contract with the city for the installation of the water plant, with hydrants, etc., located as the city directed.

The appellant does not insist upon the sufficiency on demurrer of the pleas of contributory negligence. These pleas, among other probable deficiencies, do not aver that the plaintiff at the time the horse shied was in such control of him as to have been able, with reasonable diligence or care, to avert the striking of the plug with the buggy. The refusal of the court to allow the filing of additional pleas 10 and 11 after the evidence had been introduced was the exercise by the court of a discretion reposed in it.—*Leader v. Mattingly,* 140 Ala. 444, 37 South. 270.

Charges 2 and 4, refused to defendant, were abstractly correct, but, when referred to the issues on the trial, were misleading. They were well refused.

[Ferdon v. Dickens.]

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.