# Central of Georgia Railway Co. v. Fuller.

## Action for Personal Damages.

(Decided Nov. 11, 1909.—51 South. 309.)

1. *Railroads; Frightening Animals; Negligence.*—Negligence resulting in the frightening of animals at a crossing or near a railroad track cannot be predicated upon the operation of a train if operated in the usual, ordinary and reasonable manner; to constitute negligence the noises made must have been unnecessary and recklessly or wantonly made, or done after the discovery of peril or made with the intent of frightening the animals.

2. *Same.*—Whether there is negligence in a given case in frightening animals at a crossing or near the track must depend on

[Central of Georgia Railway Co. v. Fuller.]

whether or not there was proper care on the part of those in charge of the train.

3. *Same; Personal Injuries; Frightening Animals; Complaint.*— A count alleging that the train was so negligently managed by the persons in charge thereof that it frightened plaintiff's horse and caused the horse, in an effort to avoid a collision with the train, to run the buggy against a telegraph pole, resulting in personal injury to plaintiff, is sufficient and not demurrable for uncertainty and indefiniteness.

4. *Same; Obstruction in Street; Negligence; Proximate Cause.*— Where a horse was frightened by the operation of a train and ran into a telephone pole causing the injuries complained of the fright was a proximate concurring cause.

5. *Same; Evidence.*—The evidence in this case stated and examined and held insufficient to show negligence on the part of the trainmen in the operation of the train causing the fright of the horse alleged.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Lelia Fuller, against the Central of Georgia Railway Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Charge 2, referred to, is the affirmative charge as to the sixth count. Count 6 is as follows: "Plaintiff claims of the defendant $2,000 damages for the following: The defendant owns and operates a railroad, and has been for some years owning and operating said railroad, as a common carrier, from a point 2½ miles east of Opelika, in Lee county, Alabama, to the town of Roanoke, in Randolph county, Alabama, and running through the county of Chambers, and the town of La Fayette in said county of Chambers; that on the 15th day of December, 1906, a locomotive of defendant, with a train of cars attached, and being in charge of a train crew of the defendant, consisting of an engineer, fireman, and conductor, and other agents of defendant, was running along the track of defendant's railroad from the direction of Roanoke, and towards Opelika, and after leaving the depot at La Fayette said locomotive, with cars attached, was so carelessly and negli-

gently managed and controlled by the parties in charge of the same, in running and operating the same, that said engine, as the proximate result of said negligence, was run up to and within a few feet of the buggy of plaintiff, while plaintiff was in said buggy, on or near said crossing, and in which plaintiff was traveling across a public crossing which crosses the railroad of defendant about one-half mile below the depot at La Fayette, on the public road leading to Opelika, frightening the horse attached to said buggy, and causing the horse, in an effort to escape a collision with the engine, to run the buggy against the telephone pole, and as a result of said collision plaintiff was thrown from her buggy, and thrown violently to the ground, cutting and bruising her face, as well as injuring one of her limbs, and severely injuring her internally, and causing her great pain, suffering, and mental anguish, to the damage of plaintiff, as aforesaid."

GEORGE P. HARRISON, for appellant.—Count 6 introduced a new cause of action.—Stephens on Pleading, pp. 410; *McAden v. Gibson*, 5 Ala. 341; *Nat. Bank v. Nelson*, 139 Ala. 591. A departure is properly raised by demurrer.—*Western v. Davis*, 66 Ala. 74; *Winter v. Mobile Sav. Bank*, 54 Ala. 172. The court erred in sustaining demurrers to defendant's pleas 10, 11 and 13.—*Robinett's Case*, 132 Ala. 501; *Gothard's Case*, 67 Ala. 114. Plaintiff's replications 6 and 7 were departures and should have been stricken.—*Springfield F. & M. I. Co. v. DeJarnette*, 111 Ala. 248. The court erred in reference to the evidence.—*Perry v. The State*, 87 Ala. 33. The court erred in refusing affirmative charge to defendant.—*Staunton v. L. & N.*, 91 Ala. 382.

R. B. BARNES, for appellee.—The 6th count did not constitute a departure.—*N. C. & St. L. v. Garth*, 46

South. 583; *Freeman v. C. of Ga.*, 45 South. 898; *C. of Ga. v. Foshee*, 125 Ala. 221. The 6th count also suffi-ciently charged negligence.—*Oxford L. L. Co. v. Sted-ham*, 101 Ala. 376. The negligence alleged was the proximate cause of the injury, although there might have been a concurring cause.—*McLemore v. City of West End*, 48 South. 663.

McCLELLAN, J.—Action for personal injuries. Sev-en counts were at various times filed, but count 6 was the only one submitted to the jury. This count was added by amendment, and as a part of it count 2, down to and including the word "locomotive" in the four-teenth line of count 2 was adopted. Count 2, as copied in this transcript, does not show the word "locomo-tive" in the fourteenth line. Notwithstanding this con-fusion and indefiniteness, we have undertaken to inter-pret the amendment, making count 6, so as to render it intelligible, and to accord with the view of its phrase-ology as shown by briefs of counsel for appellee as well as appellant, in order that a review of the legal ques-tions presented may be here had. The reporter will set out the count as we take it to have been originally filed

The gravamen of count 6 is the fright of the horse driven by plaintiff (appellee). We draw from the count this state of presently important averment: The em-ployes of the defendant so carelessly and negligently managed and controlled one of defendant's trains that, as a proximate result of that negligence, the horse at-tached to a buggy occupied by plaintiff was frightened, and caused the horse, in an effort to escape a collision with the engine, to run the buggy against a telephone pole, throwing plaintiff to the ground and injuring her. In *Oxford Lake Line Co. v. Stedman*, 101 Ala. 376, 13

South. 553, this court, following previous adjudications, defined the duty of railroad companies in respect of frightening animals, and declared the rule for the determination of negligence vel non in that regard. The substance of that announcement is that railroad companies have the right to operate their trains; that such companies have the right to make all the usual noises incident to the operation of their trains; and that negligence, alleged to have resulted in frightening an animal, cannot be predicated upon the operation of a train, unless in so doing unnecessary noises were made, and these noises, or the movement of the train, were recklessly or wantonly made or done after discovery of peril, or were made or done with the intention of frightening the animal in question.—*A. G. S. R. R. Co. v Fulton*, 144 Ala. 332, 39 South. 282. Whether there was negligence in a given case of fright must depend upon proper care vel non on the part of those in charge of the train. Measured by the standard, the sixth count stated a cause of action, and was, under our lax system for the allegation of negligence in a complaint, sufficiently definite to avoid the grounds of demurrer assailing it for uncertainty and indefiniteness in the averments of negligence.

The more serious question raised by the demurrer is whether the negligence imputed was the proximate cause of the injury, or whether that cause of injury intervened in the striking of the vehicle against the telephone pole. In *McLemore v. City of West End*, 159 Ala. 235, 18 South. 663, this court was confronted with the converse, in a sense, of the proposition contended for by appellant. There a frightened horse ran into a wire fence, which the municipality had, in breach of its duty, permitted to be within the limits of a public street. It was insisted for the city that the proximate

cause of the injury was the fright of the horse. This court, though divided in opinion, ruled that the city could not "excuse its culpability by saying that the injury possibly, or even probably, would not have happened, but for the intervention of a concurring cause." The decision follows _Ring. v. City of Cohoes,_ 77 N. Y. 88, 33 Am. Rep. 574, and the text, as last stated therein, of Elliott on Streets, § 615. The result is to hold that the object left in the street in consequence of the city's negligence was a concurrent cause, with the fright, of the injury suffered. The principle has been later approved and applied in _Decatur Waterworks Co. v. Foster,_ 161 Ala. 176, 49 South. 759. While not in immediate point, of course, the principle applied necessarily adjudges that the fright of the animal is, in such case, a proximate cause concurrent with that afforded by the neglect to properly keep the street free of obstruction. Aside from the principle applied in _McLemore's Case,_ reference to 29 Cyc., at page 503, indicates that demurrant's contention is not generally favored by the courts of the country.

The addition of count 6 wrought no departure in pleading.—_N., C. & St. L. R. R. Co. v. Garth,_ 155 Ala. 311, 46 South. 583. The gravamen of count 6 has been stated, viz., the negligent operation of the engine and train, wherefrom plaintiff's horse was frightened.

There is no evidence in the record tending to support the negligence charged in the sixth count, and which, in order to carry cupability, must be within the conduct, acts or omissions and conditions set forth in _Oxford Lake Line Co. v. Stedman, supra,_ and _A. G. S. R. R. Co. v. Fulton, supra._ The testimony for the plaintiff, when viewed with the greatest favor to her, shows no more than that the train was being operated in the usual way, en route from La Fayette to Opelika. There

is no evidence that unusual or unnecessary noises proceeded from it. There is no evidence of any omission or act from which wantonness or wilfulness could be inferred as producing the fright of the animal. The train was approaching the crossing, as was the plaintiff. The plaintiff denies that she saw the train until almost immediately at the crossing. The engineer saw the plaintiff approaching the crossing and when near it. His testimony is not disputed that he reversed the engine and applied the brakes in an effort to avoid striking her. Under the circumstances, surely negligence, in respect of fright of the animal, could not, on the facts in this record, be imputed. because of the engineman's effort to stop the train. Nor is there any evidence that any act or omission of the engineman contributed to the fright of the animal after her peril from that source became known (if so) to him. Indeed, it is perfectly consistent with all the evidence that the fright (if so) of the animal resulted from the first sight it had of the approaching engine. There is no ground in the evidence for the inference that the effort to stop the train wrought any more noise, or produced a condition of greater frightfulness to the animal, than had the engineman remained inactive in effort to stop the train. The engineman was certainly within prudence in undertaking to stop the train, in view of the fact that the plaintiff was rapidly approaching the crossing toward which his train was going. If so, it would be wholly irrational to conclude him, even possibly, negligent in causing whatever noise (if any), or condition of frightfulness, necessary in the act of applying the means for stopping the train, to the end that a collision with plaintiff be, and in fact was, avoided. Accordingly it must be held that material averments in the sixth count were not supported in any degree by the evidence;

and, in consequence, the affirmative charge was due the defendant as to that count. The court, hence, erred in refusing charge 2.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.