[Alabama Consolidated Coal & Iron Company v. Cowden.]

# Alabama Consolidated Coal & Iron Company *v.* Cowden.

## *Frightening Animal.*

(Decided November 28, 1911.   Rehearing denied December 21, 1911.
56 South. 984.)

1. *Railroads; Frightening Animal; Complaint.*—Where the action was for injury to plaintiff caused by his mule becoming frightened by a locomotive operated by defendant near a public highway on which plaintiff was driving, a complaint alleging that defendant's servants in control of the train caused the engine to make such great oft-repeated and long continued noise that the mule was caused to get beyond plaintiff's control, and run away, and that the mule was frightened by reason and as a proximate consequence of the defendant's negligence in that it caused negligently or negligently allowed its engine to make or continue to make great and unnecessary noises while near a highway, was not demurrable, since, as a count must be construed as an entirety, it charged as negligence, the causing or allowing of the locomotive to make or continue to make great and unnecessary noises, which caused the mule to become frightened.

2. *Same; Negligence.*—Where the action was for injury caused by the frightening of the mule by noises made by defendant's locomotive near a highway, proof of mere want of necessity without more, for the noises was not sufficient to show negligence, as railroad companies are entitled to make all usual noises incident to the operation of their train, and negligence cannot be predicated upon such noises unless they were unnecessary, and the noises or the movement of the train were recklessly or wantonly made or done after discovery of plaintiff's peril, or were made or done with the intention of frightening the animal.

3. *Same; Instructions.*—A charge asserting that if the jury believe that the mule was frightened by the whistle, and that the whistle was blown in a careful and proper manner, and that plaintiff was not willfully, wantonly or intentionally injured, the jury must find for defendant, was properly refused, since while the manner in which the whistle was blown may have been careful and proper, yet the blowing thereof under the circumstances may have been wantonly done or done after becoming aware of plaintiff's peril.

4. *Same.*—Where there was evidence that the injury resulted primarily from the fright of the mule which was produced by the noises, and not necessarily as the immediate and direct result of any wanton, willful, intentional misconduct on the part of the operator of the locomotive, such an instruction was misleading, in so far as it hypothesized that plaintiff was not willfully, wantonly or intentionally injured.

[Alabama Consolidated Coal & Iron Company v. Cowden.]

5. *Same; Damages.*—A charge asserting that if the jury is reasonably satisfied from the evidence that the whistling was done with a wanton disregard of plaintiff's rights, and with knowledge of the situation, and that to blow the whistle and continue to blow would result in injury to plaintiff, then the jury might inflict punitive damages had for its topic the basis or condition on which punitive damages might be imposed, and not the causal connection between the acts hypothesized and the result of which plaintiff complained, and hence, was not objectionable as omitting to hypothesize that the acts enumerated proximately caused the injury and damage complained of.

6. *Same; Punitive Damages.*—Where the operatives of a railroad locomotive continue to sound a whistle after they discover that the noise is frightening the animal being driven along a nearby highway, and that the animal is getting beyond the driver's control, such an act is a wanton disregard of the driver's safety, and will authorize the imposition of exemplary damages for injuries caused thereby.

7. *Negligence; Issue and Proof.*—While a general allegation of negligence in the complaint is sufficient, the evidence to sustain the same must tend to prove definite acts or omission amounting to negligence for which defendant is accountable, at least prima facie.

8. *Evidence; Opinion; Conclusion.*—Where a witness was asked whether a mule with which he was acquainted was ordinarily gentle, his answer that from what he had seen he would say it was a gentle mule, was not objectionable as a conclusion.

9. *Appeal and Error; Review; Pleadings.*—Where there was no demurrer to the complaint for failure to allege that the mule was of ordinary gentleness, such objection will not be considered on appeal.

10. *Same; Harmless Error; Evidence.*—Where the action was for injury to plaintiff by his mule being frightened by defendant's locomotive, the defendant was not prejudiced by the admission of evidence that the mule was ordinarily gentle; the presumption being that the fact that the animal frightened was one of ordinary gentleness was an essential factor to the solution of the question of negligence.

11. *Charge of Court; Instruction.*—A charge must be construed as a whole and error cannot be predicated upon an excerpt thereof only.

12. *Same; Abstract.*—A charge asserting that if a witness is reluctant to tell what he knows or is swift to tell it, or seems anxious to do so, juries will not have much confidence in him, was merely abstract and as the court stated that he did not say there was anything like that in this case, it was not prejudicial.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by William D. Cowden against the Alabama Consolidated Coal & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

[Alabama Consolidated Coal & Iron Company v. Cowden.]

The pleadings and facts sufficiently appear from the opinion. The following charge was refused to the defendant: (2) "If you believe from the evidence that the mule was frightened by the whistle, and if you also believe from the evidence that the whistle was only blown in a careful and proper manner, and that the plaintiff was not willfully, wantonly, or intentionally injured, you must find for the defendant." The fifth assignment of error is as follows: "The court erred in the following part of its oral charge: 'If you are reasonably satisfied from the evidence in this case that this was done with a wanton disregard of the plaintiff's rights, and with a knowledge of the situation, and that to blow the whistle and continue to blow the whistle would result in injury to the plaintiff, if you are reasonably satisfied from the evidence in this case that that state of facts existed, why, as I have already stated, you would have the right to inflict what the law calls punitive damages." The fourth assignment of error was to the following part of the oral charge: " 'Now, verdicts always are desirable, because trials are expensive. They are expensive, perhaps, to both sides, and the law don't like mistrals.' Relative thereto, the court said, after exception was taken: 'Now, gentlemen, I want to say another word on this subject of a verdict. Of course, the court or anybody else don't know what your verdict will be, and what the court had to say with reference to bringing in a verdict or having a mistrial is not intended to intimate one way or the other, because, as I said, the court don't know—it has no way in the world of knowing—what your verdict may be. Now, if, after full, fair, and conscientious consideration of the evidence in this case, you can't reach a unanimous verdict, and that is what the law requires, why, then, after you have—after you have done that, it would have to

[Alabama Consolidated Coal & Iron Company v. Cowden.]

result in a mistrial, if you are unable to reach a verdict after full, fair, and conscientious consideration of all the evidence in the case.' "

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER, and A. G. & E. D. SMITH, for appellant. The court should have sustained demurrers to the 1st count.—*Stanton v. L. & N.,* 91 Ala. 382; *Oxford L. Co. v. Stedham,* 101 Ala. 376; *B. R. L. & P. Co. v. Weathers,* 51 South. 303; 12 Am. Rep. 396; 22 Am. Rep. 522; 104 N. W. 617; 51 Am. Rep. 496; 47 Am. Rep. 592; *L. & N. v. VanZant,* 158 Ala. 527; *Cleghorn v. Western Ry.,* 134 Ala. 601; *L. & N. R. R. Co. v. Lee,* 136 Ala. 182. The court erred in refusing charge 2.—*Stanton v. L. & N., supra.* The court erred in its oral charge as to the conduct and demeanor of witnesses.—*Boswell v. Thompson,* 160 Ala. 306; *Berney v. Torrey,* 14 South. 685; *Paul v. The State,* 14 South. 634; *Grimes v. The State,* 63 Ala. 166; *L. & N. v. Watson,* 90 Ala. 68. The court erred in charging that the jury had a right to inflict punitive damages, as the charge omitted proximate cause.—*B. R. L. & P. Co. v. Moore,* 163 Ala. 43; *Same v. Jones,* 146 Ala. 277; *Huddins v. So. Ry.,* 148 Ala. 154. The answer of the witness stated a conclusion, and was ojectionable.—*So. Ry. v. Taylor,* 148 Ala. 52; *Rarden v. Cunningham,* 136 Ala. 263.

HARSH, BEDDOW & FITTS, for appellee. The 1st count was not subject to demurrer.—7 Ind. App. 171; *B. R. L. & P. Co. v. Weathers,* 51 South. 303, and cases cited; *Same v. Haggard,* 155 Ala. 343; *Same v. Adams,* 126 267; *Same v. Jung,* 161 Ala. 467; *H. A. & B. v. Miller,* 120 Ala. 535; *L. & N. v. Church,* 155 Ala. 329; *Armstrong v. Mont. St.,* 123 Ala. 233; *B. R. L. & P. Co. v. Jordan,* in MSS; 167 Ind. 330. The demurrer does

not raise the question of the allegation of ordinary gentleness, and hence, it will not be considered. There was no error in refusing charge 2.—Authorities supra. Error cannot be based on excerpts from a charge, but the charge must be construed as a whole.—*So. Ry. v. Lynn,* 128 Ala. 298. Counsel discuss the other charges objected to, but without further citation of authority.

McCLELLAN, J.—The theory of the action, which is instituted by appellee against appellant, is, according to the first count, that plaintiff's mule was negligently frightened and caused to run away by noises made by a locomotive on the railway of the defendant. Omitting the allegations descriptive of the injury and damages ensuing therefrom, this count is as follows:

"The plaintiff claims of the defendant $10,000, as damages, for that, heretofore, to wit, on the 13th day of January, 1909, defendant was operating a train composed of a steam locomotive engine and certain cars upon a railway running near by a public highway, upon which public highway plaintiff was driving a mule attached to a vehicle; that defendant's servants or agents in charge or control of said train caused said locomotive engine to make such great, oft-repeated or long-continued noise as that by reason thereof said mule was caused to get beyond control of plaintiff and run away. * * *

"Plaintiff avers that said mule was caused to get beyond the control of plaintiff, and plaintiff suffered said injuries and damage, as aforesaid, by reason and as a proximate consequence of the negligence of defendant, in this, that defendant negligently caused or allowed the said engine, on the occasion above referred to, to make or continue to make great and unnecessary noise while the same was near said public highway."

[Alabama Consolidated Coal & Iron Company v. Cowden.]

A count must be construed as an entirety.—31 Cyc. p. 83; *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001. When this count is so considered, it is evident that the pleader characterized as *negligent* the causing or allowing the mentioned locomotive, on the occasion referred to, "to make or continue to make great and unnecessary noises," wherefrom the animal became frightened. The reference in the fore part of the count to the duration, volume, or repetition of the noise made by the locomotive cannot be disassociated from the later averments wherein the noise is charged to have proceeded from a nonobservance of duty. The latter allegation is referred to the former allegation, in respect of the *noise* from the engine, by the express averment identifying the *noise* in each mentioned as made on the same "occasion."

In actions for damages, it is a common practice, in our courts, to form the first count of a number, so as to facilitate its partial adoption, and to avoid repetition, in succeeding counts wherein distinguishable or different allegations of acts or omissions, constituting negligence, or willful or wanton wrong, are charged. Consistent with this practice, which is certainly not to be reprehended, it is usual to set forth a general history of the event along with a statement of the relation of the parties to each other, etc., and then, in a concluding paragraph, to allege the wrongful, proximate, cause of the injury and damage claimed. This practice cannot, of course, require or justify the construction of a count other than as a whole, as an entirety; nor can such a count, when so considered, be exempted from the influence of the rule, if within it, that "the sufficiency of a complaint, in an action for personal injuries, which undertakes to define the particular negligence which caused the injury, must be tested by the special allega-

tion in that respect, although the general allegation of negligence would, in the absence of special allegations, be sufficient to make a prima facie case of negligence." —*B. O. & M. Co. v. Grover,* 159 Ala. 276, 48 South. 682, and earlier decisions therein cited.

But, as we interpret the count under consideration, it is not within the rule quoted. The noise caused or allowed to be made, *on the one occasion,* is alleged to have been "great and unnecessary," to have been "great, oft-repeated, or long-continued," and that this was "negligently caused or allowed."

The *Weathers* and *Parker Cases,* reported in 164 Ala. 23, 51 South. 303, and 156 Ala. 251, 47 South. 138, respectively, turned upon the construction of counts different from the count now under review. A comparison of the counts therein treated and that in hand will discover the differences. It is insisted for appellant that the count is insufficient in the particular that it does not affirm that the noise was recklessly, wantonly, or intentionally made, or that it was made with knowledge, by the operative, that the making thereof would likely frighten plaintiff's mule.

It is also insisted in brief, that the count is defective in its omission to allege that the animal frightened was of ordinary gentleness. There is no ground of demurrer specifying the last-stated objection to the count. Hence the sufficiency of the count, as respects that criticism, cannot be considered or determined. According to our interpretation of the count, it is, under the authorities, not subject to the demurrer interposed.— *Leach v. Bush,* 57 Ala. 145; *B. R. L. & P. Co. v. Jordan,* 170 Ala. 530, 54 South. 280; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 382, 8 South. 798; *B. R. L. & P. Co. v. Haggard,* 155 Ala. 343, 46 South. 519; *Oxford Lake Line Co. v. Stedham,* 101 Ala. 376, 13 South. 553—among others.

In actions of this kind, our rule, permitting general allegations of negligence to suffice, unless the other rule, before quoted as from *Grover's Case,* is applicable, establishes a distinction between the *allegation* of negligence and the *proof* of negligence. The former will serve to sufficiently state a cause of action; whereas, the evidence, to sustain, at least prima facie, a justified general averment of negligence, must of course tend to a more particular establishment of definite acts or omissions amounting to negligence for which the defendant is accountable. What amounts to negligence in occasioning the fright of animals by noises from or the operation of locomotives, where injury attends such fright, is a question that must, in a measure, depend upon the circumstances connected with the event.

In *Central of Georgia Railway Co. v. Fuller,* 164 Ala. 196, 200, 51 South. 309, 310, following what we took to be the rule established by decisions here, it was said: "That railroad companies have the right to operate their trains; that such companies have the right to make all the usual noises incident to the operation of their trains; and that negligence, alleged to have resulted in frightening an animal, cannot be predicated upon the operation of a train, unless in so doing unnecessary noises were made, and these noises, or the movement of the train, were recklessly or wantonly made or done after discovery of peril, or were made or done with the intention of frightening the animal in question.—*A. G. S. R. R. Co. v. Fulton,* 144 Ala. 332 [39 South. 282]."

It follows as of course that the *mere* want of necessity for making or allowing the noise, *without more,* is not negligence to liability for injury or damage resulting therefrom.—*Stanton v. L. & N. R. R. Co.,* 91 Ala. 382, 8 South. 798; *Oxford Lake Line Co. v. Stedham,* 101 Ala. 376, 13 South. 553; *Levin v. M. & C. R. R. Co.,*

109 Ala. 332, 19 South. 395; *L. & N. R. R. Co. v. Lee,* 136 Ala. 182, 33 South. 897, 96 Am. St. Rep. 24; *Southern Railway Co. v. Crawford,* 164 Ala. 178, 51 South. 340.

Charge 2 was properly refused to defendant. The *manner* in which the whistle was blown may have been "careful and proper," and yet the blowing thereof, or the continuing to blow it, under the circumstances shown by the tendencies of the evidence, may have been wantonly done or done after becoming aware of his peril.— *A. G. S. R. R. Co. v. Fulton, supra.*

Besides, the phrasing of the instruction, in the particular that it hypothesized "that the plaintiff was not willfully, wantonly, or intentionally injured," was inapt, under phases of the evidence, since the injury was claimed to have been *primarily* consequent upon the fright of the animal, which was produced by the noise described, and not *necessarily* as the immediate, direct result, or connected in the order of causation, of any wanton, willful, or intentional misconduct of the operative. This rendered the charge confusing, if not misleading.

There was evidence, though opposed by other testimony, upon which it was open to be found by the jury that after the animal became frightened by the noise of the whistle and was getting beyond the control of the plaintiff, and after the operative knew of the situation produced by these two facts (if so), the operative continued to blow the whistle, which, if done under those circumstances, justified a finding that the operative was consciously disregardful of the plaintiff's safety in a condition of known peril, and that the basis for the imposition of exemplary damages existed.—*Fulton's Case, supra.*

The oral charge of the court is set out in the bill. Construing it as a whole, as must be done, error cannot be predicated upon the excerpt quoted in the fifth assignment of error. The topic to which the court was addressing itself in this excerpt was the basis or condition of the imposition of punitive or exemplary damages, and not the causal connection between the acts hypothesized and the result of which the plaintiff complained. Hence the criticism, pressed in brief for appellant, that the court omitted hypothesizing that the acts enumerated "proximately caused" the injury and damage, is not well taken.

In *Birmingham Railway, Light & Power Co. v. Moore*, 163 Ala. 43, 50 South. 115, the instruction first treated concluded upon the *right* of plaintiff to recover, not the measure of recovery, in an event, as is the case in hand.

The third assignment is based upon this quotation from the oral charge of the court: "Well, that proceeds also from a common sense idea. If a witness is reluctant in telling what he knows about it, or is swift to tell what he knows about it, or seems anxious to tell what he knows about it, why naturally juries won't have much confidence in these sort of witnesses."

Succeeding this statement to the jury, the court said that this, with other suggestions for the aid of the jury in determining the credibility of witnesses, was "in the abstract," that "the court does not say that anything of that sort has transpired in this case." There is nothing in the bill to show that any witness on the trial brought himself within any of the categories mentioned by the court. We cannot presume that such was the case. It seems that the court was dealing, as it said it was, in general observations without any fact or act on the trial that invited or necessitated these observations.

[Alabama Consolidated Coal & Iron Company v. Cowden.]

In the absence of any indication that any witness came, while testifying, within the description of the court's charge, as quoted, no more can be said than that it was abstract; and that prejudicial error (if error) is not shown. If any other view, on this record, was taken, it would be upon unsupported assumption. The converse, to sustain the trial court, is the rule on appeal.

In the light of the ample explanation in which the court took account of the exception, to the oral charge, affording the basis of the fourth assignment of error, no prejudicial error occurred.

The last assignment complains of the overruling of the defendant's objection to this question to the witness J. C. Orr: "You have had much experience in mules. From what you saw of that mule, would you say it was a gentle or wild mule?"

The grounds of the objection to the question were that it sought matter not the subject of expert opinion; that it called for immaterial, irrelevant, and incompetent testimony; and that the witness was not shown to have a knowledge of these things.

This witness had testified that he was engaged in the horse and mule business; and had been so engaged about all his life; that he had owned and sold the mule in question; that he had never used the mule; that Bufford, the purchaser of the mule from him, had worked the mule to a dairy wagon five or six months; that the witness had "very often" seen the mule when being worked to the dairy wagon; that he had seen the mule "standing on the streets untied, where electric cars, automobiles, bicycles, and things of that kind were running around it;" and that "very often he (evidently referring to Bufford) would drive up in front of my barn and stand there with automobiles passing, but no electric cars passing."

[Alabama Consolidated Coal & Iron Company v. Cowden.]

In the fore part of this opinion, the question, pressed in brief for appellant, whether it is necessary to sufficiently state a cause of action for negligence, in cases of fright to animals by noises made by locomotives, that it be alleged that the animal frightened was one of ordinary gentleness, was pretermitted, since not taken by the demurrer to the first count.

From the doctrine of the *Stanton Case, supra,* it would seem to follow that the ungentle disposition of the animal frightened, at least in the absence of full knowledge thereof by the operative charged, would be wholly immaterial to any issue raised *by a general traverse* of a complaint like the count (the first) in this action.

Apart from this, however, the plaintiff's voluntary effort to show that the mule was one of ordinary gentleness could not, under the doctrine of *Stanton's Case, supra,* have involved prejudicial error to defendant on any idea that the matter of such testimony was *irrelevant* or *immaterial* to the issues in the cause. In that particular, such testimony tended to recognize a higher standard, in defendant's behalf, whereby to determine negligence vel non of its operatives; the implication therefrom being that the fact that the animal frightened was one of ordinary gentleness was an essential factor in the solution of the inquiry of negligence vel non in the premises.

In *Northern Alabama Railway Co. v. Sides,* 122 Ala. 594, 26 South. 116, *L. & N. R. R. Co. v. Vanzant,* 158 Ala. 527, 48 South. 389, and *L. & N. R. R. Co. v. Morgan,* 165 Ala. 418, 51 South. 827, the negligence charged was with respect to objects, alleged to have frightened the animals, for the presence of which the defendants were held responsible. It was ruled in cases of that character that the disposition of the animal for gentle-

ness is an essential factor in the sufficient statement of a cause of action for fright produced thereby. Necessarily, proof, prima facie, of this disposition for ordinary gentleness, must, to support the allegation required, be made by the plaintiff. A different rule is, as appears, established by the *Stanton Case* and its successors in decision. The distinction taken was doubtless the result of the theory that noises emitted by locomotives are generally frightful to animals, whereas objects may, as in the *Sides Case,* be so inconsequential in respect of frightfulness that it could not be assumed that fright, thereby, of animals of ordinary gentleness, was to be reasonably anticipated or expected.

There is no merit in the other grounds of the objection to the question to the witness Orr. While the answer sought and given, viz., "I would say that from what I have seen it was a gentle mule," savored, in a sense, of a conclusion of the witness, yet it was not of that class of opinion evidence which the law holds inadmissible.—*Whittler v. Franklin,* 46 N. H. 23, 88 Am. Dec. 18; *Sydleman v. Beckwith,* 43 Conn. 9; *Patterson v. S. & N. R. R. Co.,* 89 Ala. 318, 7 South. 437; *Mattison v. State,* 55 Ala. 224; Jones on Ev. (2d Ed.) § 360.

We have treated every error assigned. None of them being, in our opinion, well grounded, the judgment must be affirmed.

Affirmed. All the Justices concur.