(76 South. 318)

W. F. COVINGTON & CO. v. SEWELL.
(7 Div. 887.)

(Supreme Court of Alabama.   June 14, 1917.)

1. APPEAL AND ERROR ⊚⟹621(1)—DELAY IN FILING TRANSCRIPT.
Where an appeal was taken January 17th, several days after the call of the division to which the county of trial belonged, the transcript was filed May 28th, and the appeal submitted the next day on the call of another division, no call of such other division intervening after the appeal was taken before submission was effected, the appeal will not be dismissed for delay in filing the transcript, the diligence contemplated in requiring the filing of transcripts is inceptive upon the taking of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2727, 2729, 2731.]

2. EXCEPTIONS, BILL OF ⊚⟹36(1) — TIME OF SIGNING.
That a bill of exceptions was signed before the appeal was taken is immaterial.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44–46, 48, 53, 56.]

3. MASTER AND SERVANT ⊚⟹189(1)—EMPLOYERS' LIABILITY STATUTE—PARTNER AS "SUPERINTENDENT."
A partner may be an employé of his firm so as to constitute him a "superintendent" within the employers' liability statute, Code 1907, § 3910, though a superintendent must be a servant to answer the intent of the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–430.
For other definitions, see Words and Phrases, First and Second Series, Superintendent.]

4. MASTER AND SERVANT ⊚⟹270(2)—INJURIES TO SERVANT—EVIDENCE.
In a servant's action for personal injuries, it was competent for plaintiff to ask defendant firm's superintendent, a partner in the firm, if he was short of hands at the time, the question calling for evidence pertinent to the controverted issue whether plaintiff was employed by defendant firm on the day before or on the day of his injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 914.]

5. MASTER AND SERVANT ⊚⟹269—INJURIES TO SERVANT—EVIDENCE.
The question, to the superintendent on cross-examination, whereby it was shown by him that part of the time a man would have to work at a place and then go over to another place and work in order to carry on defendant firm's operations, was proper.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 912.]

6. MASTER AND SERVANT ⊚⟹286(22) — INJURIES TO SERVANT — SAFEGUARDING SAW — QUESTION FOR JURY.
Whether the saw, which injured plaintiff employé, where it revolved beneath the table was properly safeguarded against possible injury to one removing sawdust, and ignorant of the dangers in the premises, was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1028.]

7. TRIAL ⊚⟹143—CREDIBILITY OF TESTIMONY —QUESTION FOR JURY.
What credence should have been given the testimony on either side of the controverted issues of fact was a question for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343.]

Appeal from Circuit Court, Cherokee County;  W. W. Haralson, Judge.

Action by Marvin Sewell, pro. ami, against W. F. Covington & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Hood & Murphree, of Gadsden, for appellant.  Hugh Reed, of Center, and Hugh White, of Gadsden, for appellee.

McCLELLAN, J.   The plaintiff, Marvin Sewell, a minor, had his hand completely severed by contact with a rapidly revolving "bolt saw" used by the firm of W. F. Covington & Co. (composed of John Lay and W. F. Covington) in the operation of a handle mill. The saw was so set as to have the effect of a stationary saw revolving through or in the surface of a table, the saw projecting in its sphere some distance below the surface of the table and accumulating on the floor underneath the sawdust from the cut timber. The case was submitted to the jury on the issues

tendered by counts 3, 4, and 5, a general traverse of their averments, and pleas of contributory negligence. All of the counts purport to state a cause of action under the employers' liability statute (Code, § 3910). Count 3 was drawn to charge a defect in the condition of the "bolt saw," in that it was not safeguarded below the table from contact therewith by a workman, count 4 attributed the injury to the negligence of John Lay, a superintendent, in putting plaintiff to work about the saw without warning him of the danger, notwithstanding he knew plaintiff was ignorant in the premises, and count 5 ascribed the injury to a negligent order to clean out the accumulated sawdust beneath the table without warning him of the, to him, unknown danger. The plaintiff, who was then about 19 years of age, was engaged in removing the sawdust underneath the table when the saw severed his hand and arm below the elbow.

[1, 2] The appellee has moved the dismissal of the appeal because of the delay in filing the transcript. It appears from the record that the appeal was taken on January 17, 1917, several days after the call of the division to which the county of Cherokee belongs. The transcript was filed May 28, 1917, and the appeal submitted on the next day on the call of the Seventh division. No call of the Seventh division intervened after the appeal was taken, before the submission was effected. The motion is without merit. The fact that the bill of exceptions was signed before the appeal was taken is unimportant. Decatur Water Works Co. v. Foster, 161 Ala. 176, 49 South. 759. The diligence contemplated in requiring the filing of transcripts is inceptive upon the taking of the appeal.

[3] The first assignments of error urged in brief are based upon the overruling of demurrer to counts 4 and 5, the particular, only, criticism made being that, since the mill plant was owned and operated by a firm of which the defendant John Lay was a member, John Lay could not be a superintendent, or one to whom there was committed the power to give orders, under the second and third subdivisions of Code, § 3910. The argument is that a superintendent "must be a servant" to answer the intent and effect of our employers' liability statute (Code, § 3910). That is undoubtedly true; but it does not at all follow that even a partner may not be an employé of the firm for the purposes and to the end of constituting him a "superintendent" within the purview of the statute. Indeed, in this case it is shown, by evidence coming from both sides of the litigation, that John Lay was the superintendent in the operation of this mill. The demurrer was well overruled, so far as that criticism is concerned.

There is an insistence that the court erred in sustaining demurrer to plea 4. There is no assignment of error complaining of an adverse ruling on plea 4. The assignment is addressed to plea 5; but there is no plea 5 in the transcript.

[4] It was competent for the plaintiff to ask John Lay if he was short of hands at that time. Aside from other possible considerations, the question called for evidence pertinent to the controverted issue whether plaintiff was, in fact, employed by the defendant on the day before, or on the day of, his injury.

[5] Like considerations justified the overruling of the defendant's objection to the question propounded to John Lay by the plaintiff's counsel on the cross-examination, whereby it was shown by him that "part of the time a man would have to work at a place and then go over to another place and work in order to carry on" defendant's operations. Under the evidence, the issues tendered by these three counts were for the jury to decide.

[6] Whether the saw, where it revolved beneath the table, was properly safeguarded against possible injury to one removing sawdust, and ignorant of the dangers in the premises, was, of course, a question for the jury; and special charges 2 and 3 would, had they been given, have invaded the province of the jury.

Special instructions 4 and 6, refused to defendant, were the general affirmative charges as to counts 3 and 4. The insistence on error in these respects is founded in the notion, already stated and considered, on which the insistence for error in overruling the demurrer to counts 3 and 4 is based. The contention is without merit.

[7] A consideration of the whole evidence does not convince this court that the trial court erred in overruling the motion for new trial. Cobb v. Malone, 92 Ala. 630, 635, 9 South. 738. There was evidence tending to support every material averment of the several counts. What credence should have been given the testimony on either side of the controverted issues was a matter for the jury to decide. We are not convinced that the jury's conclusion, from the whole evidence, was ill advised.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.